IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-CV-21089-KMW

TOA TRADING LLC AND
MUNSHIBARI LLC,

     Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.,

     Defendants.

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM FOR
DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES**

  TOA Trading LLC and Munshibari LLC (collectively "Plaintiffs") answer Mullen Automotive, Inc. and Mullen Technologies, Inc. (collectively "Defendants") Counterclaim for Declaratory Relief ("Defendants' Counterclaim"), as follows:

  1. Plaintiffs deny the allegations as alleged in Paragraph 1 of Defendants' Counterclaim.

  2. Plaintiffs admit the allegations in Paragraph 2 of Defendants' Counterclaim.

  3. Plaintiffs admit that the document attached as Exhibit 1 to Defendants' Counterclaim speaks for itself.

  4. Plaintiffs admit that Mullen Technologies, Inc. completed its merger with NetElement and went public on the NASDAQ on November 5, 2021. The remaining allegations in Paragraph 4 of Defendants' Counterclaim constitute legal conclusions to which no further response is required. To the extent a response may be required, Plaintiffs deny each of those remaining allegations.

5. The allegations in Paragraph 5 of Defendants' Counterclaim constitute legal conclusions to which no response is required. To the extent a response may be required, Plaintiffs deny those allegations in their entirety.

6. There is no Paragraph 6 in Defendants' Counterclaim.

7. Plaintiffs admit that that the parties have not yet been able to resolve this matter. Plaintiffs deny the remaining allegations as alleged in Paragraph 7 of Defendants' Counterclaim.

## COUNT 1 - DECLARATORY RELIEF

8. The allegations in Paragraph 8 of Defendants' Counterclaim constitute legal conclusions to which no response is required. To the extent a response may be required, Plaintiffs admit that this Court has jurisdiction over Defendants' Counterclaim.

9. The allegations in Paragraph 9 of Defendants' Counterclaim constitute legal conclusions to which no response is required.

10. The allegations in Paragraph 10 of Defendants' Counterclaim constitute legal conclusions to which no response is required. To the extent a response may be required, Plaintiffs deny the allegations in their entirety.

11. The allegations in Paragraph 11 of Defendants' Counterclaim constitute legal conclusions to which no response is required. To the extent a response may be required, Plaintiffs deny the allegations in their entirety.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) dismiss with prejudice Defendants' Counterclaim; (2) enter judgment in favor of Plaintiffs; (3) award Plaintiffs damages and their costs and attorney fees incurred in this action; and (4) award Plaintiffs any further relief that justice requires.

## **AFFIRMATIVE DEFENSES**

1. Defendants' counterclaim is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Defendants' counterclaim is barred by the doctrines of unclean hands and laches.

3. Defendants' counterclaim is barred by the doctrines of waiver and estoppel.

4. Defendants' counterclaim is barred by Defendants' breach of the duties of good faith and fair dealing.

5. Defendants' counterclaim is barred because of Defendants' breach of any agreement between the parties.

6. Defendants' counterclaim is barred by Defendants' failure to complete performance under any agreement between the parties.

7. Plaintiffs reserve the right to raise additional affirmative defenses as they become known through discovery or otherwise, and hereby reserve the right to amend their Answer to Defendants' Counterclaim for Declaratory Relief and Affirmative Defenses to assert any such defense.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) dismiss with prejudice Defendants' Counterclaim for Declaratory Relief; (2) enter judgment in favor of Plaintiffs; (3) award Plaintiffs damages and their costs and attorney fees incurred in this action; and (4) award Plaintiffs any further relief that justice requires.

DATED: May 24, 2023

                                                    Respectfully submitted,

                                                    */s/ Manuel J. Dominguez*
                                                    Manuel J. Dominguez (Fla. Bar No. 0054798)

COHEN MILSTEIN SELLERS
 & TOLL PLLC
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
jdominguez@cohenmilstein.com

Barry Taus
PRO HAC VICE
Kevin Landau
PRO HAC VICE
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, NY  10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
btaus@tcllaw.com
klandau@tcllaw.com