**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

TOA TRADING LLC AND
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.,

Defendants.

Case No. 1:22-CV-21089-KMW

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AMENDED EXPERT WITNESS DISCLOSURES AND EXCLUDE THE PROPOSED TESTIMONY OF DR. LAUREN COHEN**

## TABLE OF CONTENTS


I. INTRODUCTION……………………………………..……………………………1

II. STATEMENT OF FACTS……………………………..…….……………………..2

III. ARGUMENT…………………………………………………..……………………6

A. FRCP 26(a)(2)(B) and this Court's scheduling order mandate that an expert report had to accompany Defendants' expert-witness disclosures for the expert they retained, Dr. Cohen…………………..………………………………6

B. FRCP 26(a)(2)(C) is not applicable because Dr. Cohen is a retained expert, and not a fact witness…….……………………….……………………...……7

C. Excluding Dr. Cohen's testimony is the appropriate remedy under FRCP 37………………..…...………………...9

D. As best as Plaintiffs can tell from Defendants' insufficient expert disclosures, Dr. Cohen intends to offer legal opinions and/or legal conclusions that are within the sole province of the Court…...……………..………...12

IV. CONCLUSION……..…………….……………………………………………..14

## TABLE OF AUTHORITIES

### Cases

*Adalman v. Baker,*
*Watts & Co.,* 807 F.2d 359 (4th Cir. 1986)……………………….…….……………….…….14

*Ashkenazi v. S. Broward Hosp. Dist.*,
No. 11-61403-CV, 2012 WL 760824 (S.D. Fla. Mar. 8, 2012)……...……………………....7

*Askanase v. Fatjo*,
130 F.3d 657 (5th Cir. 1997)……………………………………………………….........13

*Carrier Exp., Inc. v. Home Indem. Co.*,
860 F. Supp. 1465 (N.D. Ala. 1994)…..………………………………………………….13

*Chappell v. Carnival Corp.*,
Case No. 21-cv-23787, 2023 WL 3003806 (S.D. Fla. Apr. 18, 2023)………...………6-12

*Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*,
402 F.3d 1092 (11th Cir. 2005)…………………………..……………………………….13

*In re Denture Cream Prod. Liab. Litig.*,
No. 09-2051-MD, 2012 WL 5199597 (S.D. Fla. Oct. 22, 2012)……….…………..….9

*Highland Capital Mgt., LP v. Schneider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005)……………...………………………………..13

*Jones v. Royal Caribbean Cruises, Ltd.*,
No. 12-20322-CIV, 2013 WL 8695361 (S.D. Fla. Apr. 4, 2013)……...…….……...8, 9, 10

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*,
No. 2:09-CV-1081, 2015 WL 1105840 (S.D. Ohio Mar. 11, 2015)…………...……......7

*Ogle v. Koorsen Fire & Sec., Inc.*,
336 F. Supp. 3d 874 (S.D. Ohio 2018)……………………………………..………...5

*Roberts ex rel. Johnson v. Galen of Va., Inc.*,
325 F.3d 776 (6th Cir. 2003)………...…………………………………………..…...9

*Roundout Valley Cent. Sch. Dist. v. Coneco Corp.*,
321 F. Supp. 2d 469 (N.D.N.Y. 2004)…...……………………………..…………...…14

*Salgado v. General Motors Corp.*,
150 F.3d 735 (7th Cir. 1998)………………………..……………………………….9

*Seminole Tribe of Fla. v. Fla.*,
219 F. Supp. 3d 1177 (N.D. Fla. 2016)..……………………………………………..5

*Specht v. Jensen*,
853 F.2d 805 (10th Cir. 1988)…………………………………..………………….13

*Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*,
320 F.3d 1213 (11th Cir. 2003)……………………………..…………………………..…5

*Umana–Fowler v. NCL (Bah.) Ltd.*,
49 F. Supp. 3d 1120 (S.D. Fla. 2014)…………………………………….……….....12

*United States v. Delatorre*,
308 F. App'x 380 (11th Cir. 2009)………………………………………………….13

*United States v. Lumpkin*,
192 F.3d 280 (2d. Cir. 1999)……………………………..…………………………....13

*United States v. Milton*,
555 F.2d 1198 (5th Cir. 1977)………………………………………..………….13

*United States v. Wheeler*,
16 F.4th 805 (11th Cir. 2021)……………………………………………..……….5

*United States v. Williams*,
865 F.3d 1328 (2019)…………………...……………………….………………………5

*Van Winkle v. Rogers*,
No. 6:19-CV-1264, 2022 WL 4231013 (W.D. La. Sept. 13, 2022)...……………………13

*Worley v. Carnival Corporation*,
No. 21-CIV-23501, 2023 WL 1840107 (S.D. Fla. Jan. 27, 2023)...……………………..11

**Statutes**

Federal Rule of Civil Procedure 26(a)(2)(B)

Federal Rule of Civil Procedure 26(a)(2)(C)

Federal Rule of Civil Procedure 37

Federal Rule of Evidence 701

Federal Rule of Evidence 702

# I. Introduction

Plaintiffs respectfully move this Court to strike Defendants' Amended Expert Witness Disclosures and exclude Mullen Automotive, Inc. and Mullen Technologies, Inc. ("Defendants") from offering the opinions or testimony of Dr. Lauren Cohen. On July 10, 2023, Defendants served Defendants' *Amended* Expert Witness Disclosures (the "Amended Disclosures"), which disclosed Dr. Cohen as an expert witness retained to provide testimony at trial under Federal Rules of Evidence 702 and/or FRCP 26(a)(2)(C). *See* Declaration of Barry Taus ("Taus Dec.") ¶ 3. According to the Amended Disclosures, Dr. Cohen intends to offer opinions regarding Securities and Exchange Commission ("SEC") broker/dealer regulations. (*See* Taus Dec. ¶ 3 at 2.) Ostensibly, they want to offer this opinion to support their defense that—despite Defendants' admissions in the Agreement with Plaintiffs that Plaintiff TOA Trading was not a broker under applicable law, and therefore was not required to register as a broker—Plaintiffs were, in fact, brokers, and their failure to register rendered the agreement illegal.

Dr. Cohen's testimony must be precluded for two primary reasons. First, Defendants did not provide an expert report disclosing the opinions Dr. Cohen intends to issue, or the bases for his opinions. Defendants claim that an expert report is not required because Dr. Cohen is being proffered pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C). However, this rule is limited to experts who are "hybrid" fact and expert witnesses—such as a treating physician in a personal injury case. Dr. Cohen was not involved in the underlying transaction and has no connection whatsoever to the facts of this case. As a result, he is not a hybrid witness; rather, he is a "retained expert" who is expressly required to submit an expert report under FRCP 26(a)(2)(B). Defendants' refusal to submit an expert report mandates that Dr. Cohen's testimony be excluded. Moreover, even if FRCP 26(a)(2)(C) applied (it clearly does not), Defendants'

Amended Disclosures fail to meet that subsection's requirements because it does not include a summary of the facts and opinions that Dr. Cohen intends to testify about.

Second, even if Dr. Cohen had proffered an expert report that complied with FRCP 26(a)(2)'s requirements, his proposed testimony must be precluded because it will relate solely to his interpretation of SEC law, rules and regulations as to whether an individual is a broker, and it is axiomatic that experts cannot opine as to what the applicable law is, or should be, because that is the exclusive province of the Court. Allowing experts to testify as to what the applicable law is would render the jury susceptible to undue influence based on the expert's credentials, confuse the jury, which should be instructed as to the law only by the court, and would open the door to parties routinely hiring experts to state the law in terms most favorable to their clients.

Excluding Dr. Cohen's testimony is appropriate under FRCP 37, as Defendants: (1) lack a substantial justification for both failing to proffer an expert report and seeking to interject clearly improper legal argument under the guise of expert opinion; and (2) the proposed testimony would plainly and significantly prejudice Plaintiffs. Without an expert report describing Dr. Cohen's opinions and bases for them, Plaintiffs could not effectively cross-examine Dr. Cohen if he was allowed to testify and cannot knowledgably determine whether they need to expend the time and resources to identify and retain an expert to rebut Dr. Cohen's undisclosed opinions.

## II. Statement of Facts

The dispute in this breach of contract case is straightforward. In denying Defendants' motion to dismiss on March 22, 2023, the Court summarized Plaintiffs' claims as follows:

> In May 2020, Plaintiffs introduced Defendants to executives at NETE to discuss a potential "business combination." On June 12, 2020, Plaintiff TOA entered into a Finder's Fee Agreement with Defendant Mullen Technologies ("Agreement"), where Mullen Technologies agreed to pay TOA and MunshiBari a fee should Mullen Technologies "enter[] into a merger, reverse triangular merger or sale transaction with Net Element, Inc. ("NETE") to acquire all or a portion of the

> stock and/or all or a portion of the assets of Mullen [Technologies].” On November 5, 2021, a merger between NETE and Mullen Technologies closed. However, Plaintiffs allege they were never paid a finders’ fee as required by the Agreement.

(Order Denying Mot. to Dismiss at 2, ECF No. 21) (citations omitted).

On April 7, 2023, the Court entered a scheduling order (ECF No. 25) (the “Scheduling Order”) with a June 23, 2023 deadline for the parties to “disclose experts, expert witness summaries and reports” and an August 4, 2023 deadline for the parties to “exchange rebuttal expert witness summaries and reports.” On June 23, 2023, Plaintiffs did not disclose any expert witnesses, or proffer any expert reports, because this breach of contract claim does not require expert testimony for Plaintiffs’ case in chief. Defendants initially served expert-witness disclosures on June 23, 2023 (the “Initial Disclosures”), disclosing Dr. Cohen pursuant to both FRCP 26(a)(2)(B)—which requires the production of an expert report—and FRCP 26(a)(2)(C)—which requires a summary of the facts and opinions to which the witness is expected to testify, but not a full 26(a)(2)(B) report. (*See* Taus Dec. ¶ 2.)

In a June 27, 2023 email, and during a June 28, 2023 meet-and-confer, Plaintiffs challenged the propriety of Defendants’ Initial Disclosures for failing to include an expert report, despite the fact that it acknowledged that Dr. Cohen was “retained to provide testimony” and would be offering his opinion pursuant to FRCP 26(a)(2)(B). (*See* Taus Dec. ¶ 4.) On July 10, 2023, Defendants served the Amended Disclosures, which: (1) deleted Subsection (B) as a basis for their expert disclosures;[1] and (2) stated that Dr. Cohen intended to testify solely as a “hybrid” witness—both a fact and expert witness—pursuant to Subsection (C) of FRCP 26(a)(2). (*See* Taus Dec. ¶ 3.) Tellingly, however, Defendants never disclosed what involvement Dr. Cohen had

[1] Defendants also deleted the statement from the Initial Disclosures that Dr. Cohen intended to testify regarding “any fair market value associated with the contracts at issue in this case.”

in the facts of this case which could have possibly rendered him a fact witness. That is because such facts do not exist.

Defendants' intent to proffer Dr. Cohen as a legal expert was clear. Their Initial Disclosures forthrightly stated that he was retained to provide "expert testimony concerning findings, observations, opinions, and discussion of the Securities and Exchange Commission regulations and *law relating to the legality of the contracts at issue in this case*, as well as any fair market value associated with the contracts at issue in this case." (*See* Taus Dec. ¶ 2 at 2 (emphasis added).)

The Amended Disclosures contain a revised, but still insufficient, description of the topics of Dr. Cohen's intended testimony:

> Securities and Exchange Commission regulations, specifically Section 3(a)(4) and Section 15(a) relating to conduct which the SEC may consider an individual conducting themselves as brokers, including agreements contemplating transaction-based compensation, outlining specific conduct that is relevant to the inquiry of whether or not TOA TRADING's principals and agents acted as unlicensed broker/dealers pursuant to Securities and Exchange Commission regulations in TOA TRADING's involvement with the reverse triangular merger at issue in the Complaint.

(*See* Taus Dec. ¶ 3 at 2.) The identical topic is disclosed regarding Plaintiff MunshiBari. The Amended Disclosures still fail to disclose the specific opinions Dr. Cohen intends to proffer, or the bases of those opinions,[2] as required by both FRCP 26(a)(2)(B) and 26(a)(2)(C).

On July 12, 2023, the parties met and conferred regarding the propriety of Defendants' Amended Disclosures. Plaintiffs advised Defendants that the Amended Disclosures were deficient because, *inter alia*: (1) Defendants failed to provide an expert report, as required by

---

[2] The Amended Disclosures mention "transaction-based compensation" as *a* factor relevant to whether an individual is a broker under applicable SEC rules, regulations and law. However, the disclosures state that there are relevant *factors* (plural), "including" transaction-based compensation, without identifying or specifying any other factors.

FRCP 26(a)(2)(B); (2) Defendants provided no evidence that Dr. Cohen was a "hybrid" fact and expert witness, as required for FRCP 26(a)(2)(C) to apply; (3) even if FRCP 26(a)(2)(C) applied, Defendants' Amended Disclosures were deficient for failing to identify Dr. Cohen's opinions and the bases for those opinions; and (4) while the Amended Disclosures were vague, they appeared to contemplate improper expert testimony regarding the applicability of SEC regulations, and there was no need to have an expert educate the court on these legal issues. (*See* Taus Dec. ¶ 6.)

After the call, Defendants' counsel sent an email citing a number of cases purportedly supporting the propriety of their Amended Disclosures. (Taus Dec. ¶ 7.) But neither the email nor the cited cases explain why Dr. Cohen is anything other than a 26(a)(2)(B) expert required to submit a report, or how he could qualify as a 26(a)(2)(C) hybrid fact and expert witness, when he had no involvement as a fact witness in the underlying transaction.[3] Nor did Defendants explain

---

[3] Of the six cases offered by Defendants, only *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 878 (S.D. Ohio 2018), addresses FRCP 26(a)'s expert disclosure requirements. *Ogle* supports Plaintiffs' position. It makes clear that Rule 26(a) expert disclosures—whether under 26(a)(2)(B) or 26(a)(2)(C)—must provide a summary of the opinions the expert wishes to offer and the bases for those opinion, and that "the sanction of exclusion [of experts] is *automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless[.]") *Id.* (emphasis added) (internal cites omitted). *United States v. Wheeler*, 16 F.4th 805 (11th Cir. 2021); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.,* 320 F.3d 1213 (11th Cir. 2003); and *United States v. Williams*, 865 F.3d 1328 (11th Cir. 2019), all analyze when *lay opinion* may be offered under FRE 701. Here, of course, Dr. Cohen's disclosures make clear that he seeks to offer *expert* opinion based on his specialized knowledge *under FRE 702*, so these cases are irrelevant. *Seminole Tribe of Fla. v. Fla.*, 219 F. Supp. 3d 1177, 1185 (N.D. Fla. 2016), simply describes the court's assessment of several experts' credibility when making findings but does not analyze or even mention FRCP 26(a) requirements. And, *Royal Caribbean Cruises, Ltd. v. Capital Jazz, Inc.*, 2023 WL 3625893 (S.D. Fla.), is a party's brief responding to a motion to exclude an expert's testimony. The brief argues that the proposed testimony was proper under FRCP 26(a)(2)(C) because, unlike Dr. Cohen, the expert was a hybrid fact and expert witness who had involvement in the facts of the case. *Id.*

how the testimony they represented Dr. Cohen intended to give was not improper legal testimony which impinged on the Court's function of determining the law applicable to this case.

Because Defendants refuse to withdraw their Amended Disclosures, despite their inability to provide relevant factual or legal support for the propriety of those disclosures, Plaintiffs are forced to bring this motion in accordance with the Scheduling Order which set an October 6, 2023 deadline for the parties to file "motions to strike or exclude expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993)." (*See* Scheduling Order (ECF No. 25) at 2.)

## III. ARGUMENT

### A. FRCP 26(a)(2)(B) and this Court's scheduling order mandate that an expert report had to accompany Defendants' expert-witness disclosures for the expert they retained, Dr. Cohen.

"Pursuant to Rule 26(a)(2)(B), if a witness is retained or specifically employed to provide expert testimony in a case, the disclosure must be accompanied by a written report prepared and signed by the witness that sets forth the witness's opinions and the bases for those opinions." *Chappell v. Carnival Corp*., Case No. 21-cv-23787, 2023 WL 3003806 at *11 (S.D. Fla. Apr. 18, 2023) (Damian, Mag. J.). Despite acknowledging in the Initial Disclosures that Dr. Cohen was "retained to provide testimony" (*see* Taus Dec. ¶ 2 at 1), Defendants failed to produce an expert report for Dr. Cohen as required by FRCP 26(a)(2)(B) and by the June 23, 2023 deadline imposed by the Court. As discussed in more detail below, black-letter law provides that this failure precludes Dr. Cohen from offering his opinion in this case.

### B. FRCP 26(a)(2)(C) is not applicable because Dr. Cohen is a retained expert and not a fact witness.

Defendants argue that they were not required to submit an expert report for Dr. Cohen because he qualifies as a "hybrid" witness under FRCP 26(A)(2)(C). (*See* Taus Dec. ¶ 7.)

Subsection (a)(2)(C) of FRCP 26 does not expressly identify which experts are not required to provide expert reports. However, FRCP 26(a)(2)(C) still requires disclosure of the subject matter regarding which the witness will present evidence, as well as a summary of the witness's opinions and the bases for those opinions. "A reader of the disclosure must have an idea of the opinion(s) the witness will offer and of the facts on which the witness will base his or her opinion(s)." *Chappell*, 2023 WL 3003806, at *11 (internal cites and quotes omitted).

"Frequent examples" of hybrid witnesses who are not required to provide a report under FRCP 26(a)(2)(B), but who may "both testify as a fact witness *and* also provide expert testimony under Evidence Rule 702, 703, or 705 . . . include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *3 (S.D. Ohio Mar. 11, 2015) (quoting the Advisory Committee Notes to FRCP 26(a)(2)(C)); *see also Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CV, 2012 WL 760824, at *1 & n.2 (S.D. Fla. Mar. 8, 2012) (in a wrongful termination action, employee doctors were not retained as experts, but were "hybrid" witnesses under FRCP 26(a)(2)(C) offering fact and opinion testimony).

In their Amended Disclosures, Defendants rely solely on FRCP 26(a)(2)(C) as the basis for their limited disclosures regarding Dr. Cohen's proposed testimony, and the lack of an expert report. However**,** Dr. Cohen is clearly not the type of expert who is exempt from providing an expert report under FRCP 26(a)(2)(C). He is not a "fact witness" who is also providing expert testimony. He is not a "physician or other health care professional" who has personal knowledge of the underlying facts of the case. And he is not an "employee of a party who does not regularly provide expert testimony." *See Little Hocking*, 2015 WL 1105840, at *3. Rather, he is a retained expert who Defendants seek to utilize to improperly "educate" the Court regarding SEC

regulations relevant to Defendants' primary defense[4]—that despite Defendants' admissions in the Agreement itself that Plaintiff TOA Trading was not a broker under applicable law, and therefore was not required to register as a broker, Plaintiffs were, in fact, brokers, and their failure to register rendered the Agreement illegal. (Defs.' Counterclaim for Declaratory Relief ¶¶ 4-7, ECF No. 23.)

As detailed in Section III below, such testimony would clearly impinge on the Court's exclusive domain to decide any legal issues in this case. But even if such testimony did not constitute improper testimony regarding legal issues and conclusions, it would not be permissible here, as Defendants failed to provide an expert report detailing the specific opinions Dr. Cohen intends to provide, and the bases for those opinions, as required by FRCP 26. *See Chappell*, 2023 WL 3003806, at *11 (citing *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013) ("[C]ompliance with Rule 26(a)(2)(C) still requires disclosure of the subject matter regarding which the witness will present evidence, *as well as a summary of the witness's opinions and the bases for those opinions.*")). This failure flouts the requirements of FRCP 26, which provides that the purpose of expert disclosures generally is to give the opposing party fair notice of the substance and bases of intended expert testimony.

Further, it ignores the Court's Scheduling Order requiring that such disclosures be made by June 23, 2023.

Therefore, even if FRCP 26(a)(2)(C) applied—which on its face it does not—Defendants' disclosures fail to meet the requirements of the rule.

---

[4] It is notable that, in their Answer and Counterclaim, Defendants contend that Plaintiff TOA Trading was a broker within the meaning of applicable SEC regulations, despite the fact that Defendants signed the Agreement, which expressly states that Plaintiff TOA Trading was not a broker under applicable law, and therefore was not required to register as a broker. (Defs.' Counterclaim for Declaratory Relief ¶¶ 4-7, ECF No. 23.)

**C. Excluding Dr. Cohen's testimony is the appropriate remedy under FRCP 37.**

If a party fails to provide information or identify an expert witness as required by FRCP 26(a), the party is not permitted to use that information or expert witness to supply evidence at trial, unless the failure was substantially justified or is harmless. *Chappell*, 2023 WL 3003806 at *12 (citing FRCP 37(c)(1)); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, *4 (S.D. Fla. Apr. 4, 2013) (Torres, J.). FRCP 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citation omitted). In other words, "the sanction of exclusion [of experts] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless[.]" *Id.* (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *Chappell*, 2023 WL 3003806 at *12 (finding same and quoting Fed. R. Civ. P. 37(c)(1)). The burden of providing substantial justification or harmlessness is on the offending party. *See Roberts ex rel. Johnson*, 325 F.3d at 782.

"Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *5 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.) (citations omitted), *on reconsideration in part*, 2012 WL 13008163 (S.D. Fla. Nov. 14, 2012). Failing to comply with FRCP 26 is "harmless" when "there is no prejudice to the opposing party." *Id.* (citations omitted).

When courts assess whether a substantial justification existed for the failure to disclose or whether the failure to disclose was harmless, courts consider the following four factors: "(1)

the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Chappell*, 2023 WL 3003806 at *12 (citing *Jones*, 2013 WL 8695361, at *4). Here, Defendants clearly failed to meet their burden of establishing either a substantial justification for providing an expert report for Dr. Cohen or that their failure to do so was "harmless." An examination of these factors demonstrates that Defendants have no justification for not providing an expert report for Dr. Cohen, and this failure was not harmless, but rather substantially prejudicial to Plaintiffs.

First, although Dr. Cohen's proposed testimony is likely intended to support Defendants' illegality defense, that is not a basis to permit the testimony, as it is legal opinion that clearly exceeds the bounds of permissible expert testimony. (*See* Section D, below.)

Second, Defendants have not offered, and cannot offer, a substantial justification or explanation for its efforts to interject clearly improper legal opinion into this case without an expert report under FRCP 26(A)(2)(B). As detailed in Section II above, despite having several opportunities to do so, Defendants have failed to provide an expert report, offer any factual or legal support for their contention that Dr. Cohen is a hybrid fact and expert witness who falls within the confines of FRCP 26(a)(2)(C), or even provide a summary of the facts and opinions he plans on offering as a hybrid witness.

To the contrary, Defendants have steadfastly refused to provide an expert report detailing either the specific opinions Dr. Cohen will proffer, or the factual bases for those opinions.[5] And the mere provision of a vague and general description of the *topics* of Dr. Cohen's testimony did

[5] Defendants had ample time to retain an expert and produce an expert report disclosing that expert's opinions, and the bases for those opinions, as required by Rule 26(a). Moreover, they never requested an extension of the June 23, 2023 deadline for submitting expert reports.

not satisfy Defendants' burden to proffer an expert report detailing his actual *opinions*, and the bases for those opinions. *See Chappell*, 2023 WL 3003806 at *13 (citing *Worley v. Carnival Corporation,* No. 21-CIV-23501, 2023 WL 1840107, at *11 (S.D. Fla. Jan. 27, 2023) ("Like those described by Magistrate Judge Goodman in *Worley v. Carnival Corporation*, Plaintiff's Amended Disclosures 'merely list the *topics* of possible opinions which doctors might render without actually disclosing the *actual* opinion or tethering them to the specific facts of the case.'")). Thus, Defendants have failed to provide a substantial justification for their failure to provide an expert report, as required by FRCP 26(a)(2)(B) or a summary of facts and opinions he plans on offering under FRCP 26(a)(2)(C), if that subsection applied.

Third, the prejudice to Plaintiffs that would arise from allowing the testimony of Dr. Cohen without him providing an expert report, specifying the opinions he intends to proffer and the bases for those opinions, is clear and substantial. If Dr. Cohen is allowed to testify without providing an expert report, Plaintiffs will be unable to properly prepare his cross-examination. The prejudice to Plaintiffs under these circumstances is obvious.

Likewise, Plaintiffs' deadline for identifying any rebuttal experts they might want to retain in response to Dr. Cohen is set to expire on August 4, 2023. Plaintiffs cannot identify and retain an expert to rebut Dr. Cohen's opinions—or reasonably determine whether they need to incur the expense of identifying and retaining such an expert—because of Defendants' refusal to proffer an expert report (or even a summary) that identifies the opinions that Plaintiffs might need to rebut, or the bases for those opinions.

And finally, as detailed in Section D below, courts have recognized that allowing experts to testify as to the applicable law would prejudice the opposing parties in several ways, including by rendering the jury susceptible to undue influence (based on the expert's credentials),

confusing the jury (which is instructed as to the law by the court), and opening the door to parties routinely hiring experts to state the law in terms most favorable to their clients.

Fourth, a continuance could not cure the prejudice to Plaintiffs as there is nothing that Defendants could do to change the fact that Dr. Cohen was not involved in the facts of the case, and cannot testify as a "hybrid" witness under FRCP 26(a)(2)(C); therefore, the type of testimony that Dr. Cohen was retained to provide is improper legal testimony and would remain improper whether or not there was a continuance.

This constitutes clear and substantial prejudice and demonstrates why Defendants' failure to comply with FRCP 26(a)(2)'s requirements is not harmless to Plaintiffs.

**D. As best as Plaintiffs can tell from Defendants' insufficient expert disclosures, Dr. Cohen intends to offer legal opinions and/or legal conclusions that are within the sole province of the Court.**

Even if Defendants' expert disclosures somehow satisfied the procedural requirements of FRCP 26(a)(2) (which they do not), Dr. Cohen should still be precluded from testifying because the sparse detail provided by the Amended Disclosures indicates that Defendants intend to proffer, through Dr. Cohen, testimony that constitutes legal opinions and/or conclusions. (*See* Section II above (citing Defendants' Initial and Amended Disclosures).)

Defendants removed any doubt that Dr. Cohen intends to offer legal opinions during the meet and confer process, when they represented that Dr. Cohen does not intend to testify regarding liability, but rather, solely intends to educate the Court regarding applicable SEC law, rules and regulations as to whether individuals are brokers under the SEC Act. (Taus Dec. ¶ 8.)

Such testimony would be improper, and must be precluded, as the Court has the sole authority for deciding legal issues relevant to the case. *See Chappell*, 2023 WL 3003806 at *3 (citing *Umana–Fowler v. NCL (Bah.) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014) (Williams,

J.) ("While an expert may testify regarding his opinions on an ultimate issue of fact, 'he may not testify as to his opinions regarding ultimate legal conclusions.'" (quoting *United States v. Delatorre*, 308 F. App'x 380, 383 (11th Cir. 2009))).

The spokesperson of the law "of course is the judge." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (quoting *Specht v. Jensen,* 853 F.2d 805, 807 (10th Cir. 1988)); *see also Van Winkle v. Rogers*, No. 6:19-CV-1264, 2022 WL 4231013, at *2 (W.D. La. Sept. 13, 2022) (experts cannot provide opinions on legal issues because that would invade the "court's province" and is irrelevant (citations omitted)).

Any expert opinions that would encroach on the role of the trial judge in instructing the jury as to the applicable law are inadmissible. *See United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) (citations omitted); *see also Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005) ("testifying experts may not offer legal conclusions"); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) ("an expert witness may not substitute for the court in charging the jury regarding the applicable law"); *Highland Capital Mgt., LP v. Schneider*, 379 F. Supp. 2d 461, 470-71 (S.D.N.Y. 2005) (discussion of legal terms in a securities-fraud case inadmissible because judges, not witnesses, instruct the jury as to principles of law); *Carrier Exp., Inc. v. Home Indem. Co.*, 860 F. Supp. 1465, 1476 (N.D. Ala. 1994) ("The court instructs the jury regarding the applicable law; the witnesses do not.").

Allowing experts to testify as to what the applicable law is would render the jury susceptible to undue influence based on the expert's credentials, confuse the jury, which should be instructed as to the law by the court, and would open the door to parties routinely hiring experts to state the law in terms most favorable to their clients. *See Askanase*, 130 F.3d at 673

("[I]f an expert witness were allowed to testify to legal questions, each party would find an expert who would state the law in the light most favorable to its position[.]").[6]

The testimony Dr. Cohen intends to proffer is plainly improper legal opinion and should be precluded.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Strike Defendants' Amended Expert Witness Disclosures and Exclude the Proposed Testimony of Dr. Lauren Cohen should be granted in its entirety. Defendants should not be given another opportunity to comply with FRCP 26(a), as their time for complying with the rule has long passed, they have been given several opportunities to remedy their failure, and they have refused to do so. In addition, there was no substantial justification for their failure to comply with the Federal Rules and the Scheduling Order; and Defendants' failure prejudices Plaintiffs.

DATED: July 26, 2023

Respectfully submitted,

/s/ Manuel J. Dominguez

Manuel J. Dominguez (Fla. Bar No. 0054798)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile: (561) 515-1401

[6] *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986) (trial court did not err in refusing to allow plaintiffs' expert, an attorney, to testify at trial where "[f]rom beginning to end, it is obvious that [plaintiffs] proffered [the expert] as an expert witness to testify in substantial part to the meaning and applicability of the securities laws to the transactions [at issue], giving his expert opinion on the governing law"), *disapproved on other grounds*, *Pinter v. Dahl*, 486 U.S. 622 (1988); *see also Roundout Valley Cent. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004) ("[T]o make it abundantly clear for the parties, it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court." (citing cases)).

jdominguez@cohenmilstein.com

Barry Taus
PRO HAC VICE
Kevin Landau
PRO HAC VICE
**TAUS, CEBULASH & LANDAU, LLP**
123 William St, Suite 1900A
New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
btaus@tcllaw.com
klandau@tcllaw.com