**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:22-cv-21089-KMW**

TOA TRADING LLC AND
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.,

Defendants.
_________________________________________/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AMENDED EXPERT WITNESS DISCLOSURES AND EXCLUDE THE PROPOSED TESTIMONY OF DR. LAUREN COHEN**

Defendants MULLEN AUTOMOTIVE, INC. and MULLEN TECHNOLOLGIES, INC. (collectively "Defendants") oppose the instant Motion to Strike Plaintiffs' Expert Disclosure as follows:

Plaintiffs appear to argue that Defendants' expert should be stricken and excluded because Plaintiffs initial and supplemental Rule 26 disclosures were deficient and, further, the alleged deficiencies are neither justified nor harmless. Defendant's disclosure of Dr. Cohen as a non-reporting witness is not only substantially justified, but also harmless to Plaintiffs should this Court order an expert report is appropriate here. The Parties' trial date is over six months away and there is ample opportunity to supplement or revise the present pre-trial Scheduling Order to accommodate additional expert disclosures and reporting. A deviation from the present Scheduling Order only serves to help Plaintiffs, who did not disclose any experts or rebuttal experts of their own. Thus, in light of the circumstances, Defendants request the Court deny the instant Motion in its entirety and allow Defendants to move forward with Dr. Cohen as a hybrid, non-reporting

expert. In the alternative, Defendants request the Court assign a revised disclosure schedule to allow both parties the opportunity to supplement their initial and rebuttal disclosures by October 1, 2023, an appropriate date within the presently set Scheduling Order's time frame, as trial is not set until February 2024.

## I. <u>**DEFENDANTS' EXPERT DISCLOSURE IS PROPER UNDER FRCP 26.**</u>

Federal Rule of Civil Procedure 26(a)(2)(D) requires that a party must disclose expert testimony "at the times and in the sequence that the court orders." Federal Rule of Civil Procedure 26(e) governs supplementation to an expert's report, and states that a "party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Supplementation of an expert's report is due at "the time of a party's pretrial disclosures under Rule 26(a)(3)," which is 30 days before trial. See FRCP 6(a)(3)(B). A court's decision whether to impose exclusionary sanctions under Rule37(c) is committed to its discretion. *Roberts ex rel. Johnson v. Galen of Virginia, Inc*., 325 F.3d 776, 782 (6th Cir. 2003).

### A. <u>**Legal Standard For Motions To Strike Under Rule 37(C)(1).**</u>

Rule 26 of the Federal Rules of Civil Procedure imposes a variety of disclosure duties on litigants including both the mandatory initial expert disclosures prescribed in FRCP 26(a)(2)(A) – (C) and the expert report prescribed in FRCP 26(a)(2)(B). The purpose of the expert witness discovery rules is to allow the parties to adequately prepare their cases and to prevent surprise. See *W. Union Holdings, Inc. v. E. Union, Inc*., 316 F. App'x 850, 854 (11th Cir. 2008).

If a party deviates from the requirements of Rules 26(a), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." See FRCP 37(c)(1). When determining whether a Rule 26 violation is substantially justified or harmless, courts consider the following factors:

(1) the extent of the surprise to the party against whom the evidence would be offered;

(2) the ability of the parties to cure the surprise and its effects;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence;

(5) the party's explanation for its untimely disclosure of the evidence; and

(6) whether it appears that that disclosing party was merely negligent or acted intentionally to obtain an unfair advantage.

See *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015); *CQ, Inc. v. TXU Min. Co.*, 565 F.3d 268, 280 (5th Cir. 2009); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008); *States Rack & Fixture, Inc. v. Sherwin-Williams Co*., 318 F.3d 592, 596-97 (4th Cir. 2003); *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012). Courts should differentiate between "innocent" mistakes which truly are harmless from intentional acts by a party that are designed to game the system. *Bisig v. Time Warner Cable, Inc*., 940 F.3d 205, 219 (6th Cir. 2019).

## B. Defendants' Alleged Deviation from Rule 26 Is Substantially Justified And Harmless.

As outlined below, Plaintiffs cannot meet their burden under Rule 37(1) to justify exclusionary sanctions against Defendants as all factors support a denial of the Motion:

### 1. The Extent Of The Surprise To The Party Against Whom The Evidence Would Be Offered;

There is no surprise to Plaintiffs here. Defendants timely disclosed Dr. Cohen in their initial June 23, 2023 disclosure, per the Parties' Scheduling Order. **Dec of SFD, ¶ 2; Exhibit 1.** Earlier that week, Defendants counsel proposed stipulating to an extension of the initial disclosure deadline, in light of the Parties' pending party and fact witness depositions on July 24, July 26, and August 2, 2023, as well as the parties' outstanding discovery responses due July 7 and July 14, 2023. Plaintiffs' counsel did not agree. **Dec of SFD, ¶ 3.** Thus, in order to preserve their right

to call experts in this matter, Defendants timely disclosed Dr. Cohen as a hybrid, non-reporting witness under FRCP 26. In the initial and supplemental disclosures, Defendants explicitly reserved their rights to supplement the disclosures as additional information becomes available. Plaintiffs did not identify any expert on June 23, 2023, or thereafter.

In a subsequent meet and confer call on July 11, 2023, Plaintiffs' counsel stated that he had not disclosed an expert because he wanted to "wait and see what [Defendants] were going to do." Defendants' counsel took the position that Dr. Cohen's expert disclosure was compliant as is, but agreed to correct a clerical error which had previously identified Dr. Cohen as a reporting expert, and supplemented the disclosure, served July 10, 2023, with specific areas of inquiry upon which Dr. Cohen could opine. **Dec of SFD, ¶ 4; Exhibit 2.** Defendants also provided multiple cases in support of the propriety of hybrid witnesses. ***Id***. Plaintiffs provided no case law or statutory authority in response to support a position that Defendants' disclosures were not proper, despite a third meet and confer attempt on July 14, 2023. **Dec of SFD, ¶ 5.**

**2. <u>The Ability Of The Parties To Cure The Surprise And Its Effects;</u>**

While Defendants maintain that Dr. Cohen qualifies as a hybrid non-reporting witness and thus does not require a report, they will happily provide a report to Plaintiffs should this Court order same, as soon as it is available. See FRCP 26(a)(2)(B)(i)-(iii). There is no effect on Plaintiffs if they receive a later supplemented report; they still have the opportunity pursuant to FRCP 26(a)(2)(D) to provide a rebuttal report up to thirty days before trial, which is set for February 12, 2024. Even if this Court orders a report be produced, Plaintiffs will have almost five months to locate and disclose an expert in support of their collective position. Thus, relief is available to Plaintiffs short of the court's exclusion of all Defendants' experts. For example, in *Galentine v. Holland Am. Line-Westours, Inc.,* 333 F. Supp. 2d 991 (W.D. Wash. 2004) the court examined a similar request for the sanction of exclusion based on an 11 day delay in expert disclosure after the

discovery deadline had passed. (See also *Carver v. Audio Products Intern. Corp*., WL 25673996 (2003)). The court's resolution in *Galentine* was to reopen the discovery deadline to allow deposition of the expert.

### 3. The Extent To Which Allowing The Evidence Would Disrupt The Trial;

There will be no disruption to the Scheduling Order or to the pre-trial preparations to any party should the Court deny the instant motion, or order Defendants to produce a report for Dr. Cohen; as above, Plaintiffs will still have over five months to locate an expert and submit a rebuttal report. Plaintiffs bear the burden of establishing liability and damages on their sole breach of promissory note cause of action and chose not to disclose an expert; allowing additional evidence from either Party at this point is only to their benefit.

### 4. The Importance Of The Evidence;

As outlined in Defendant's Amended Disclosure dated July 10, 2023, Dr. Cohen is expected to opine upon:

*1. Securities and Exchange Commission regulations, specifically Section 3(a)(4) and Section 15(a) relating to conduct which the SEC may consider an individual conducting themselves as brokers, including agreements contemplating transaction-based compensation, outlining specific conduct that is relevant to the inquiry of whether or not TOA TRADING's principals and agents acted as unlicensed broker/dealers pursuant to Securities and Exchange Commission regulations in TOA TRADING's involvement with the reverse triangular merger at issue in the Complaint;*

*2. Securities and Exchange Commission regulations, specifically Section 3(a)(4) and Section 15(a) relating to conduct which the SEC may consider an individual conducting themselves as brokers, including agreements contemplating transaction-based compensation.*

*outlining specific conduct that is relevant to the inquiry of whether or not MUNSHIBARI's principals and agents acted as unlicensed broker/dealers pursuant to Securities and Exchange Commission regulations in MUNSHIBARI's involvement with the reverse triangular merger at issue in the Complaint.*

**Dec of SFD; Exhibit 2.**

Such evidence will assist the trier of fact on the issues of whether or not Defendants' non-performance on the Agreement at issue in this litigation is excusable on the basis of illegality – the crux of Defendants' Counterclaim for Declaratory Relief. Throughout this litigation, Plaintiffs have not offered any documentation or testimony in support of their position that the Agreement as written is not illegal, despite Mr. Martinez's admission during deposition that he was the sole drafter and the Agreement template was obtained via a Google search in less than ten minutes. The admission of Dr. Cohen as an expert, along with any required report, will allow Plaintiffs to identify and present their own theories as to the issue of illegality, which they have presently barred themselves from disclosing (indeed, the Rebuttal Report deadline of August 4, 2023 has passed).

**5. <u>The Party's Explanation For Its Untimely Disclosure Of The Evidence;</u>**

Defendants do not believe the disclosure of Dr. Cohen is improper or untimely. Defendants not only timely disclosed Dr. Cohen pursuant to the Parties' Scheduling Order, but met and conferred on three occasions to not only amend the disclosure to provide more information, but also to provide case law in support of their position that Dr. Cohen is properly disclosed. Defendants further believe if Plaintiffs take issue with Dr. Cohen's admissibility as an expert, the proper avenue for addressing same is by was of a *Daubert* motion, not the draconian punishment of a sanction of exclusion pursuant to Rule 37. Plaintiffs are not blind sighted by the topics upon which Dr. Cohen is expected to testify, as it is the sole issue set forth in Defendant's Counterclaim

filed April 4, 2023. The Parties' written discovery and depositions (completed as of August 2, 2023) focused almost entirely on the issues of illegality and Securities and Exchange Commission regulations relating to unlicensed broker/dealer activity. The parties disputed the issue of legality and broker/dealer conduct for over two years prior this lawsuit commencing.

### 6. Whether It Appears That That Disclosing Party Was Merely Negligent Or Acted Intentionally To Obtain An Unfair Advantage.

Nothing about Defendants actions were intended to obtain an unfair advantage. Defendants went above and beyond, proposing to provide Plaintiff, the moving party, with additional time and opportunity to disclose an expert, which they rejected. Defendants then met and conferred three times over multiple hours, telephonically and in writing, to provide their good faith position, even offering to meet with a discovery magistrate and participate in an informal discovery conference, which also Plaintiff rejected. Defendants believe that no party will be prejudiced by allowing Dr. Cohen to serve as their expert, and are in support of Plaintiffs having ample time (months per the current Scheduling Order) to provide a rebuttal report.

In sum, all factors weigh in favor of denying Plaintiffs' Motion to Strike, finding Dr. Cohen's disclosure to be proper.

## II. DR. COHEN QUALIFIES AS A "HYBRID" WITNESS UNDER RULE 26 AND THUS NO REPORT IS REQUIRED.

The Federal Rules of Civil Procedure 26(a)(2) governs the disclosure of expert witnesses. Specifically, Rule 26(a)(2)(B) states that certain retained experts must provide a signed, written report. Plaintiffs argue that Defendants' expert disclosures are deficient because they were not submitted in the form of a signed, written report and do not contain all of the information required by Rule 26(a)(2)(B). Yet Dr. Cohen is exempt from the Rule's written report requirement; therefore, the information included in their Rule 26 disclosures is sufficient and their experts

should neither be stricken, nor their testimony excluded. In fact, Defendants have supplemented their disclosures to address many of the Plaintiffs' objections.

The Rule 26(a)(2)(B) requirement that experts provide a signed, written report only applies "if the witness is one retained or specially employed to provide expert testimony in the case."

In 2010, the Federal Rules of Civil Procedure were amended to add Rule 26(a)(2)(C), which addresses those situations involving non-retained percipient experts or "hybrid" experts who are not required to provide a written report. Specifically, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify." See FRCP 26(a)(2)(C). These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." See Adv. Comm. Notes to 2010 Amendments. The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts "must take care against requiring undue detail." Id. Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness.

Once an individual is identified as a percipient or hybrid expert, the court must then inquire into the sufficiency of the specific disclosure of information pursuant to Rule 26(a)(2)(C). See FRCP 26(a)(2)(C). As indicated above, when identifying experts who are not retained or specially employed to provide an opinion for litigation, a party must state the "subject matter" on which the

witness is expected to testify and "a summary of the facts and opinions" to which the witness is expected to testify. See FRCP 26(a)(2)(C).

Both the Rule 26(a)(2)(B) written report and the Rule 26(a)(2) (C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." *Brown v. Providence Medical Center*, 2011 WL 4498824, at * 1 (D.Neb.2011).

Hybrid witnesses are non-retained expert witnesses who can provide both fact and opinion testimony that is grounded in their scientific, technical, or specialized knowledge. [citation omitted]. Hybrid witnesses may testify on "their observations based on personal knowledge as well as their lay opinions, consistent with Rule 701, when such opinion testimony is based upon the witness' experience as a professional and is helpful in understanding the witness' decision making process." See *Kaplan v. Kaplan*, 2012 WL 1660605 (M.D. Fla. May 11, 2012) (citing Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011), as cited by *In re 3M Combat Arms Earplug Prod. Liab. Litig*., 2021 WL 765019, at *3 (N.D. Fla. Feb. 28, 2021) Subject matter witnesses such as Dr. Cohen serve as "hybrid experts" and are exempt from the requirement to provide a signed, written report.

Dr. Cohen is the L.E. Simmons Professor in the Finance & Entrepreneurial Management Units at Harvard Business School and a Research Associate at the National Bureau of Economic Research. Dr. Cohen frequently advises government organizations in the U.S. and abroad, including the United States Securities and Exchange Commission and United States Patent & Trademark Office. Based on his scientific, technical or other specialized knowledge. Dr. Cohen is expected to provide factual testimony and opinion as allowed by FRCP 26(a)(2)(C) as a hybrid witness. Dr. Cohen is exact the type of witness that is utilizing personal knowledge and observation which is helpful to his decision making process, as described above.

Dr. Cohen was listed as an expert on June 23, 2023, along with his CV and description of testimony. The fact that Defendants included Dr. Cohen in their expert disclosures does not, as the Plaintiffs argue, turn them into expert witnesses subject to the rule's requirements. Neither does the fact that Defendants provided more information than was required to under Rule 26 in the form of resumes and detailed descriptions of anticipated testimony. Defendants were required, pursuant to Civil Rule 26(a)(2)(A), to identify any witness they intended to have testify at trial as an expert, whether that is a hybrid expert or otherwise. Their witness disclosure does just that. Plaintiffs cannot argue that because Defendants complied with the expert witness disclosure requirements of 26(a)(2)(A) that Defendants are therefore somehow also required to comply with the written report requirement of 26(a)(2)(B). The two sections can be - and in the case of hybrid experts, as Dr. Cohen, are - mutually exclusive.

## III. CONCLUSION

Defendants have, and continue to, conduct themselves in good faith throughout this litigation, by way of their timely disclosed experts and good faith efforts to supplement and resolve issues with Plaintiffs as to same prior to the filing of this Motion. Defendants' alleged deviation from Rule 26 (which they dispute) is both substantially justified by the circumstances of this case, and further is harmless to Plaintiffs. Nothing about the subject matter of Dr. Cohen's testimony is or will be a surprise – it is the sole legal issue surrounding the Parties' performance of the Agreement at issue. Plaintiffs further have ample opportunity before trial (over six months) to locate and prepare their own rebuttal expert to address the issues of illegality and broker/dealer conduct, yet have chosen not to do so. Accordingly, Plaintiffs have failed to establish their burden under Rule 37(1) to exclude Dr. Cohen as a hybrid, non-reporting witness, and thus the instant Motion should be DENIED. In the alternative, this Court should grant leave from the current Scheduling Order, allowing Defendants to supplement their disclosures with reports for Dr. Cohen,

and also give Plaintiffs a second bite at the apple in disclosing an expert on issues central to his case.

Date: August 9, 2023

Respectfully submitted,

/s/ *Susan F. Dent*
Jedidiah Vander Klok, Esq.
Niva Harney-Hiller, Esq.
Gilda Flam, Esq.
KENNEDYS CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: 305-371-1111
Email:
jedidiah.vanderklok@kennedyslaw.com
Niva.Harney@kennedyslaw.com
Gilda.Flam@kennedyslaw.com
laura.melendez@kennedyslaw.com
maleny.leon-rivera@kennedyslaw.com

Susan F. Dent, Esq. (*pro hac vice*)
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
Tel: 415-323-4483
Email:
susan.dent@kennedyslaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 9, 2023, a true copy of the foregoing has been filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to:

Manuel J. Dominguez, Esq.
Cohen Milstein Sellers & Toll PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-1400
Fax: 561-515-1401
jdominguez@cohenmilstein.com
*Counsel for Plaintiffs*

Barry Taus, Esq. (pro hac vice)
Kevin Landau, Esq. (pro hac vice)
Gwendolyn Nelson
Taus, Cebulash & Landau, LLP
123 William Street, Suite 1900A
New York, NY 10038
Tel: 646-873-7654
Fax: 212-931-0703
btaus@tcllaw.com
klandau@tcllaw.com
gnelson@tcllaw.com
*Counsel for Plaintiffs*

*/s/ Jedidiah Vander Klok*
Jedidiah Vander Klok
Fla. Bar No. 84766