**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

TOA TRADING LLC and
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. and
MULLEN TECHNOLOGIES, INC.,

Defendants.

Case No. 1:22-CV-21089-KMW

# PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' AMENDED EXPERT-WITNESS DISCLOSURES AND EXCLUDE THE PROPOSED TESTIMONY OF DR. LAUREN COHEN

## TABLE OF CONTENTS

I. INTRODUCTION……………………………………...……………………………1

II. ARGUMENT…………………………………………………….……………………2

A. Defendants did not and cannot establish that Dr. Cohen is a "hybrid" fact and expert witness who is not required to submit an expert report under FRCP 26(a)……………………………..………………………………2

B. Dr. Cohen's proposed opinions are impermissible legal opinions……..….4

C. Defendants' violations of FRCP 26(a)(2) are not justified, prejudice Plaintiffs, and cannot be remedied by allowing Defendants to submit an untimely expert report…………………………...…..………………...5

D. Defendants have failed to establish "good cause" for extending their June 23, 2023 deadline for filing an expert report…….…….……..………...8

III. CONCLUSION…….……………….………………………………………………..10

## TABLE OF AUTHORITIES

### Cases

*Ashkenazi v. S. Broward Hosp. Dist.*,
No. 11-61403-CV, 2012 WL 760824 (S.D. Fla. Mar. 8, 2012)……...…………………….....3

*Askanase v. Fatjo*,
130 F.3d 657 (5th Cir. 1997)………………………………..……………………..........7

*Est. of Reed v. Nat'l Specialty Ins. Co.*,
No. 19-23178-CIV, 2020 WL 5547922 (S.D. Fla. July 29, 2020)……………………...8, 9

*Kaplan v. Kaplan*,
No. 2:10-CV-237-FTM-99, 2012 WL 1660605 (M.D. Fla. May 11, 2012)…………....3, 8

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*,
No. 2:09-CV-1081, 2015 WL 1105840 (S.D. Ohio Mar. 11, 2015)…………..……......3

*Bisig v. Time Warner Cable, Inc.*,
940 F.3d 205 (6th Cir. 2019)………………………………..……………….............6

*Ogle v. Koorsen Fire & Sec., Inc.*,
336 F. Supp. 3d 874 (S.D. Ohio 2018)……………………………..………...2, 3, 5

*Rogers v. Hartford Life & Acc. Ins. Co.*,
Civil Action 12-0019-WS-B, 2012 WL 2395194 at *2 & n.5 (S.D. Ala. June 22, 2012)…9

*Sosa v. Airprint Sys., Inc.*,
133 F.3d 1417, 1418 (11th Cir. 1998)……………………………………………..8

### Statutes and Rules

Federal Rule of Civil Procedure 16

Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 37

S.D. Fla. L.R. 16.1(b)(6)

## I. INTRODUCTION

Defendants' opposition to Plaintiffs' Motion to Strike Defendants' Amended Expert Disclosures and Exclude the Proposed Testimony of Dr. Lauren Cohen is frivolous. Defendants offer no support for their primary contention: that Dr. Cohen is a "hybrid" fact and expert witness, and therefore was not required to submit an expert report under Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C). Dr. Cohen is not a fact witness, as he had no personal knowledge about the finder's fee agreement at issue here, or any other part of this case. As a result, he is a retained expert who was required under FRCP 26(a)(2)(B) to submit an expert report specifying the opinions he intends to render and the bases for those opinions.

Likewise, Defendants admit that the intended purpose of Dr. Cohen's proposed testimony is to "educate" the Court regarding the law applicable to Defendants' counterclaim.[1] And the law set forth in Section III of Plaintiffs' Opening Brief—which Defendants do not even acknowledge, let alone dispute or distinguish—establishes that the type of legal expert testimony proposed by Defendants must be excluded, because the Court is the sole arbiter of the law applicable to a case.

Recognizing their inability to counter the bases of Plaintiffs' motion, Defendants ask the Court to forgive their violations of FRCP 26(a) and allow them to submit an expert report in October 2023, several months after the June 23, 2023 deadline established in the Court's Scheduling Order. (Defs.' Br. at 1, 10–11, Aug. 9, 2023, ECF No. 41.) As detailed below, the Court should reject Defendants' request out of hand, as: (1) they have failed to establish "good cause" for their failure to submit an expert report by the June 23 deadline, as required by FRCP

---

[1] *See* Pls.' Opening Br. at 4, 7–8, July 26, 2023, ECF No. 40 (citing Defendants' Amended Expert Witness Disclosures).

16; and (2) their submission of the type of report contemplated in their amended expert disclosures would be a futile act, as such a report would constitute impermissible legal-opinion testimony.

Finally, Defendants' own case holds that the sanction of striking their expert disclosures is "automatic" and "mandatory" unless the "offending party" (Defendants here) shows that its violation of FRCP 26(a) was "justified" and "harmless." *Ogle v. Koorson Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 878 (S.D. Ohio 2018). Defendants fail to satisfy their burden of showing that their violation was justified, as: (1) they fail to supply a single fact demonstrating that Dr. Cohen was a hybrid fact and expert witness exempt from submitting an expert report ; and (2) they ignore the law cited by Plaintiffs that the type of legal expert-opinion testimony they contemplate from Dr. Cohen is impermissible, and must be excluded.

And Defendants' violations of FRCP 26(a) clearly were not harmless, as: (1) Plaintiffs have already been, and continue to be, prejudiced by having to expend time and resources responding to Defendants' deficient expert disclosures; and (2) Plaintiffs would be significantly prejudiced if Defendants were allowed to improperly influence and confuse the jury with expert-opinion testimony on what the applicable law is (or should be) when the Court is the sole arbiter of the law.

For these reasons, as detailed further below and in Plaintiffs' Opening Brief, Plaintiffs' motion should be granted in its entirety.

## II. Argument

### A. Defendants did not and cannot establish that Dr. Cohen is a "hybrid" fact and expert witness who is not required to submit an expert report under FRCP 26(a).

Defendants concede that, as a matter of law, Dr. Cohen would have to be a "hybrid" fact and expert witness to justify Defendants' failure to submit an expert report. (*See* Defs.' Br. at 7–

8.) But Defendants do not even attempt to establish facts to support their contention that Dr. Cohen is a fact witness in this case. They do not—and cannot—rebut Plaintiffs' assertion that Dr. Cohen had nothing to do with the transaction at issue in this case, or any other factual aspect of this case. (Pls.' Opening Br. at 7–8.)

Dr. Cohen's lack of involvement in the facts relevant to this case lies in contrast to the cases cited in the 2010 Advisory Committee notes to FRCP 26(a) and in Defendants' brief, where FRCP 26(a)(2)(C) is applied to treating physicians in cases alleging personal injuries, as those physicians had personal knowledge of facts relevant to plaintiffs' injuries. *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co*., No. 2:09-CV-1081, 2015 WL 1105840, at *3 (S.D. Ohio Mar. 11, 2015) ("frequent examples" of hybrid witnesses "include physicians or other health care professionals" (quoting FRCP 26(a)(2)(C) advisory committee notes)); *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CV, 2012 WL 760824 at *1 & n.2 (S.D. Fla. Mar. 8, 2012) (employee doctors); *see also Ogle*, 336 F. Supp. 3d at 880 (treating physicians); *Kaplan v. Kaplan*, No. 2:10-CV-237-FTM-99, 2012 WL 1660605 at *2 (M.D. Fla. May 11, 2012) (treating physicians).

The fact that Defendants repeatedly state in their brief that Dr. Cohen is a "hybrid" witness does not make it true. (Defs.' Br. at 7–10.) They cite nothing to support that conclusory

contention.[2] And since Dr. Cohen is not a hybrid witness, he was required to submit an expert report under FRCP 26(a)(2)(B). His failure to do so is a clear violation of that rule.[3]

Defendants claim that, during the meet-and-confer process, they provided Plaintiffs with case law in support of their position that Dr. Cohen is properly disclosed. (Defs.' Br. at 6.) This is false, as four of the six cases Defendants cited had nothing to do with the adequacy of disclosures of hybrid experts under FRCP 26(a)(2)(C); one of the cases was not a case, but a brief submitted by a party; and the only case that addressed FRCP 26(a)'s expert-disclosure requirements strongly supported Plaintiffs' position. (*See* Pls.' Opening Br. at 5 n.3.)

**B. Dr. Cohen's proposed opinions are impermissible legal opinions.**

Defendants do not address Plaintiffs' argument—supported by abundant case law—that, even if Dr. Cohen submitted an expert report detailing his opinions and the bases for those opinions, those opinions would be legal opinions, impermissibly invading the Court's exclusive authority to determine the law. (Pls.' Opening Br. at 2, 12–14.) Indeed, Defendants completely ignore this section of Plaintiffs' brief. That is likely because they cannot rebut or distinguish the

---

[2] *See* Defs.' Br. at 7–8 (arguing that "Dr. Cohen is exempt from the Rule's written report requirement" because he is a "hybrid" witness, without explaining how he is a fact witness); *id.*at 8 (stating that percipient or "hybrid" experts were not required to submit a written report, without explaining how Dr. Cohen qualified as a hybrid witness); *id.* at 9 (admitting that hybrid witnesses have "personal knowledge" based on their factual "observations," but failing to identify any personal knowledge that Dr. Cohen has of any facts connected to this litigation); *id.* (stating that "Dr. Cohen is expected to provide factual testimony and opinion as allowed by FRCP 26(a)(2)(C) as a hybrid witness," without identifying the factual knowledge that would render him a hybrid witness).

[3] At page 9 of their brief, Defendants cite cases for the proposition that hybrid witnesses are experts who also have personal knowledge of certain facts through their own observations. But these cases do not help Defendants because Plaintiffs do not dispute this general proposition; rather, Plaintiffs simply contend that Defendants do not establish that Dr. Cohen has any personal knowledge about any facts relevant to this case.

authority cited in that section, which precludes the type of legal-opinion testimony that Defendants admit Dr. Cohen intends to proffer.

The closest Defendants come to a responsive argument is to suggest that Plaintiffs should have sought exclusion of Dr. Cohen's proposed testimony via a *Daubert* motion, rather than a "draconian" discovery sanction under FRCP 37. (Defs.' Br. at 6.) Plaintiffs do not understand the distinction Defendants suggest. Plaintiffs cite cases holding that a motion to exclude is a proper vehicle to address the defects in Defendants' Amended Expert Disclosures.[4] And whether Plaintiffs styled their motion as a motion to exclude under FRCP 37 or a *Daubert* motion, the requested relief is the same—the exclusion of Dr. Cohen's proposed testimony.

There is no reason to defer resolving this issue, as Defendants request. Dr. Cohen's proposed testimony is impermissible legal testimony, whether addressed now or later. Plaintiffs ask that the Court address this issue now, in advance of mediation (scheduled for September 7, 2023) and motions for summary judgment (due October 6, 2023).

**C. Defendants' violations of FRCP 26(a)(2) are not justified, prejudice Plaintiffs, and cannot be remedied by allowing Defendants to submit an untimely expert report.**

Rather than address the substance of Plaintiffs' contentions, most of Defendants' brief focuses on mischaracterizing the standards for imposing sanctions under FRCP 37, and on asking the Court to disregard their intentional failure to comply with both the Scheduling Order and FRCP 26(a)'s disclosure requirements. Applicable authority demonstrates that Defendants' requests should be rejected out of hand.

---

[4] *See, e.g.*, Pls.' Opening Br. at 5 n.3 (citing, e.g., *Ogle*, 336 F. Supp. 3d at 878).

First, as explained above, Defendants' own case, *Ogle*, makes it clear that it is Defendants' burden to justify its FRCP 26(a) violations, and to demonstrate that these violations were harmless. *Ogle*, 336 F. Supp. 3d at 878. Defendants have failed to meet their burden.

Second, Defendants recognize that "[c]ourts should differentiate between 'innocent' mistakes which truly are harmless from intentional acts by a party that are designed to game the system." (Defs.' Br. at 3 (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).) Here, Defendants' "mistakes"—including their failure to submit an expert report by the June 23, 2023 deadline; their repeated failure to support their contention that Dr. Cohen is a hybrid witness who is not required to submit an expert report under FRCP 26(a)(2)(C); and their efforts to obtain permission to proffer legal expert-opinion testimony regarding whether Plaintiffs were brokers under the SEC Act of 1934—were neither "innocent" nor harmless. These are intentional acts meant to "game the system" and keep the threat alive that Defendants' expert will be allowed to use Dr. Cohen's credentials to influence the jury as to the law applicable to Defendants' illegality defense.

Third, Defendants have failed to offer any justification—let alone a substantial justification—for their continued violations of the expert-disclosure rules, as they must do to avoid FRCP 37 sanctions.[5] Defendants fail to offer a single fact to support their conclusory contention that Dr. Cohen was a fact witness, even after Plaintiffs challenged that characterization through *three rounds* of meet and confers. And after Plaintiffs challenged them again, by bringing the instant motion, Defendants again failed to offer a single supporting fact. As a result, Defendants have failed to justify their violations of FRCP 26(a)'s disclosure requirements.

---

[5] *See* Pls.' Opening Br. at 9–10.

Fourth, Defendants failed to meet their burden of establishing that their disclosure violations were harmless. Defendants' continued insistence that they are not required to proffer an expert report from Dr. Cohen has forced Plaintiffs to expend significant time and resources opposing Defendants' efforts to "game the system."

Likewise, Defendants' attempt to hire a purportedly well-credentialed expert to improperly influence the Court and the jury is rife with potential prejudice. Plaintiffs cite cases—which Defendants ignore—that describe this prejudice in detail, in well-reasoned decisions precluding the type of legal expert-opinion testimony that Defendants seek to proffer through Dr. Cohen. Allowing experts to testify as to what the applicable law is would render the jury susceptible to undue influence based on the expert's credentials, confuse the jury, which should be instructed as to the law by the court, and would open the door to parties routinely hiring experts to state the law in terms most favorable to their clients. (Pls.' Opening Br. at 13-14 citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)); *see also id.* at 14 n.6 (citing cases).)

Defendants' suggestion that any prejudice to Plaintiffs can be rectified by permitting Defendants to submit an expert report in October, months after it was due—and after Plaintiffs were forced to engage in three meet and confers and submit two briefs challenging Defendants' expert disclosures—is baseless. Defendants' improper litigation tactics have already prejudiced Plaintiffs, and Plaintiffs will be further prejudiced if forced to oppose these tactics again in the future.

Defendants' contention that this issue should be deferred until October, when they will finally submit an expert report, is likewise not credible: (1) Defendants have not disputed that Dr. Cohen intends to offer purely legal opinions; and (2) such opinions are impermissible. (Pls.' Opening Br. at 12–14.) In other words, Defendants cannot remedy the deficiencies in their

proposed expert disclosures, as any report that they submit from Dr. Cohen in October will necessarily suffer from the same flaw as the proposed testimony contemplated in Defendants' amended expert disclosures—it will constitute improper legal-opinion testimony. Plaintiffs should not be further prejudiced by being forced to oppose another effort by Defendants to proffer improper testimony in October—especially when that effort would be futile on its face.

**D. Defendants have failed to establish "good cause" for extending their June 23, 2023 deadline for filing an expert report.**

Recognizing that their contention that Dr. Cohen is a hybrid witness is baseless—and that they did not file an expert report by the June 23, 2023 deadline established in the Scheduling Order (ECF No. 25)—Defendants ask the Court for a do over. They now say that they will "happily" file an expert report from Dr. Cohen by October 2023, and that a "deviation" from the Scheduling Order will even help Plaintiffs, who will be given more time to submit a rebuttal report. (Defs.' Br. at 1, 11.)

Defendants' request should be rejected out of hand. Local Rule 16.1(b)(6) provides that "the parties are required to comply with any pretrial orders by the Court," including orders "establishing deadlines by which the parties' counsel must . . . exchange reports of expert witnesses." S.D. Fla. L.R. 16.1(b)(6). And FRCP 16 mandates that a party seeking an extension of a court-imposed deadline must show "good cause" for modifying a scheduling order. *Est. of Reed v. Nat'l Specialty Ins. Co.*, No. 19-23178-CIV, 2020 WL 5547922, at *4 (S.D. Fla. July 29, 2020) (quoting FRCP 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)); *see also Kaplan*, 2012 WL 1660605 at *3 (an expert was precluded from testifying because "scheduling orders may be modified only for good

cause," and the propounding party "provided no reason for his lack of diligence" in trying to meet the deadline for filing an expert report).

Defendants have not met the good-faith standard. Prior to the June 23, 2023 deadline for submitting expert reports, Defendants did not ask for an extension. Nor did they seek to establish good cause as to why they could not meet the deadline. Now, after the deadline has passed, and after Plaintiffs demonstrated that Defendants' rationalizations for not filing an expert report from Dr. Cohen are baseless, Defendants ask this Court to extend their deadline until October.

This request should be summarily rejected. Even if the good-cause standard applied after the deadline has passed—and it does not[6]—Defendants have not offered any excuse or explanation for missing the deadline. Nor can they. The parties had ample time to submit expert reports. Instead of doing so, Defendants chose to roll the dice and rely on their argument that Dr. Cohen did not need to file a report because he was a hybrid witness. That argument was baseless when Defendants asserted it in their expert disclosures and the ensuing meet-and-confers, and it remains baseless now. Even if Defendants' conduct could be properly characterized as excusable neglect (which it is not), that does not constitute good cause sufficient to justify a failure to comply with the June 23 deadline imposed by this Court under the Scheduling Order.[7]

Defendants even go so far as to contend that an extension of the discovery deadlines to accommodate their untimely expert report would benefit Plaintiffs, since the deadline for Plaintiffs to submit rebuttal reports would also be extended. (Defs.' Br. at 11.) This is

---

[6] *See Est. of Reed*, 2020 WL 5547922, at *4.

[7] *Id.* ("As a matter of law[,] . . . counsel's negligence is not good cause for failure to comply with the Scheduling Order." (citations omitted)); *see also id.* ("[A]uthorities are legion for the proposition that attorney inadvertence, carelessness or oversight of a published deadline is insufficient, as a matter of law, to constitute 'good cause' under Rule 16(b)(4)." (alteration in original) (quoting *Rogers v. Hartford Life & Acc. Ins. Co.*, Civil Action 12-0019-WS-B, 2012 WL 2395194 at *2 & n.5 (S.D. Ala. June 22, 2012))).

nonsensical. Plaintiffs' case is straightforward and does not require expert testimony. (*See* Pls.' Opening Br. at 2–3.) And the only proposed expert testimony disclosed by Defendants is facially improper. (*Id.* at 12–14.) Defendants are not trying to be fair to Plaintiffs; they are attempting to prejudice Plaintiffs even further by dragging out this issue as long as possible, rather than trying to resolve it prior to mediation. This constitutes clear and unfair prejudice to Plaintiffs and should not be countenanced by this Court.

## III. CONCLUSION

For the reasons set forth above and in Plaintiffs' opening brief, Plaintiffs' Motion to Strike Defendants' Expert Disclosures and Exclude the Proposed Testimony of Dr. Lauren Cohen should be granted in its entirety. In addition, because Defendants' opposition to Plaintiffs' motion is not supported by any facts or law, Plaintiffs should be awarded the costs they incurred in being forced to engage in repeated meet and confers regarding the propriety of Defendants' expert disclosures, and in bringing this motion.

DATED: August 16, 2023

Respectfully submitted,

/s/ Manuel J. Dominguez
Manuel J. Dominguez (Fla. Bar No. 0054798)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
jdominguez@cohenmilstein.com

Barry Taus
PRO HAC VICE
Kevin Landau
PRO HAC VICE
**TAUS, CEBULASH & LANDAU, LLP**
123 William St, Suite 1900A

New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
btaus@tcllaw.com
klandau@tcllaw.com