**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:22-cv-21089-KMW**

TOA TRADING LLC AND
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.,

Defendants.
_______________________________________/

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants Mullen Automotive, Inc., and Mullen Technologies, Inc. ("Defendants"), by and through their counsel of record, submit the following Reply in support of their Motion for Summary Judgment (D.E. 47):

## INTRODUCTION

Through their Motion for Summary Judgment, Defendants provided copious evidence in support of the legal conclusion that the Finder's Fee Agreement at issue in this litigation is illegal, and thus void, under Florida and SEC law. Rather than raise genuine issues of material fact in their Opposition, Plaintiffs discuss and cite to testimony and record evidence that is wholly unrelated to Defendants' Motion and Defendants' affirmative defenses: splitting hypothetical hairs as to the difference between a reverse triangular merger and a spinoff merger, and responding to a nonexistent coercion argument relating to the formation of the Finder's Fee Agreement. They do not offer any competent evidence to refute their conduct as broker/dealers, nor do they address the glaring issue of lack of evidence to support a funding of damages under either count in their

Complaint. As detailed further herein, Plaintiffs fail to satisfy their burden of showing that Defendants' affirmative defenses should not apply, and further failed to present an issue of triable fact to avoid summary judgment. Thus, summary judgment is proper and should be granted in Defendants' favor.

## REPLY MEMORANDUM OF LAW

### 1. The Court Should Enter Summary Judgment as Plaintiffs Failed to Respond to All Material Issues of Fact, Including Lack of Damages.

As a threshold matter, Plaintiffs failed to specifically and substantively address the issue of lack of damages in their Response, and therefore, have waived their ability to do so and conceded entry of summary judgment on both counts pled in their Complaint. When a party fails to respond to an argument or address a claim in its responsive brief, the party concedes the argument or otherwise waives its argument or claim. *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017) (citing *Giuliani v. NCL (Bahamas) Ltd.*, No. 1:20-CV-22006, 2021 WL 4099502, at *8 (S.D. Fla. Sept. 8, 2021)); *Schwarz v. Bd. of Supervisors on behalf of Villages Cmty. Dev. Districts*, 672 F. App'x 981, 983 (11th Cir. 2017) (affirming a district court's finding that a party waived any challenge to a motion for summary judgment on certain ground which the party did not address in their response to the motion for summary judgment); *Nix v. ESPN, Inc.*, No. 1:18-CV-22208-UU, 2018 WL 8802885, at *7 (S.D. Fla. Aug. 30, 2018) ("Plaintiffs do not respond to these arguments and so concede them.").

### 2. Plaintiffs Are Estopped From Establishing Damages With Particularity Due To Their Failure To Timely Disclose An Expert Witness.

Plaintiffs have the burden of establishing damages with particularity in order to succeed on both their breach of contract and unjust enrichment counts. *City of Delrav Beach, Fla. v. Agriculture Ins. Co.*, 85 F.3d 1527, 1530-31 (11th Cir. 1996) ("a non-moving party's failure to

prove an essential element of a claim renders all factual disputes as to that claim immaterial and requires the granting of summary judgment"); *USA Interactive v. Dow Lohnes & Albertson, P.L.L.C.*, 328 F. Supp. 2d 1294, 1313 (M.D. Fla. 2004). An award of damages for breach of contract (or unjust enrichment) must be supported by the evidence. *Aponte v. Exotic Pools, Inc.,* 699 So. 2d 796 (Fla. 4th DCA 1997).

The evidence necessary to support Plaintiffs' breach of contract and unjust enrichment counts against Defendants require, but lack, any expert testimony necessary to support a claim for damages. Federal Rules of Evidence, Rule 702, provides that expert opinion is necessary where "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." The issues of the causal link between the contents of the Finder's Fee Agreement and of the amount of the alleged damages are issues about which scientific, technical, or other specialized knowledge is necessary to assist the trier of fact to understand the evidence or to determine a fact in issue. Specifically, such a calculation would require evidence supporting stock valuation, various temporal limitation on stock sales depending on classes of stock issued, and other specific SEC regulations governing the valuation, restriction, and sale of stock pursuant to a spinoff merger. It is undisputed that Plaintiffs failed to serve or file an Expert Witness Disclosure in compliance with Fed. R. Civ. P. 26(a)(2). Without expert testimony, Plaintiffs cannot establish a *prima facie* case against Defendants.

The inability to produce expert testimony is fatal to Plaintiffs' claim. As noted above, in order to establish damages, Plaintiff must introduce expert testimony to explain to a jury the valuation of damages that would flow from the claimed breach. *Centex-Rooney Const. Co. v. Martin Cnty.*, 706 So. 2d 20 (Fla. 4th DCA 1997). Furthermore, Plaintiff must introduce expert testimony in support of the amount, reasonableness and necessity of damages based upon the

complained-of conduct alleged as breach of contract by Defendants governed by the confines of the Complaint. *Allapattah Servs., Inc. v. Exxon Corp*., 61 F. Supp. 2d 1335 (S.D. Fla. 1999).

The instant Motion demonstrates with specificity, leaving no genuine issue of material fact, that without an expert the Plaintiffs cannot establish claimed damages through any timely and properly disclosed evidence. Plaintiffs failed to timely and properly designate any expert, where expert testimony is required, to prove the causal link between any alleged breach and damages and the amount of such damages. Therefore, leaving no genuine issue of material fact, this Honorable Court's determination must be that Plaintiffs cannot establish its prima facie case as a matter of law. Because proof of damages is an essential element of the two counts pled by Plaintiffs, the failure to meet this burden justifies dismissal of the action or in this case summary judgment in favor of Defendants. *Great West Cas. Co. v. United States*, No. 3:05CV95-SAA, 2006 WL 1778911, at *4 (N.D. Miss. June 26, 2006).

**3. <u>Plaintiffs Failed to Raise any Material Issues of Disputed Fact That Could Survive Summary Judgment.</u>**

Moreover, with respect to the affirmative defense of illegality, Plaintiffs fail to set forth any evidence creating an issue of material fact. See *Collazo v. Progressive Select Ins. Co*., No. 20-25302-CIV, 2021 WL 5330647, at *2 (S.D. Fla. Nov. 16, 2021)

**A. Plaintiffs were acting as Broker/ Dealers under Florida and SEC law.**

Plaintiffs attempt to support their argument that they are merely finders in defining that under securities laws, a finder is merely an intermediary or middleman who finds potential buyers or sellers, stimulate interest and bring parties together. *See* (D.E. 49, p. 6) (Pltf's Opp. to Def's MSJ) (citing *Stevens v. Penn Nat'l Gaming Inc*., No. 11-20214-CIV, 2011 WL 13223519, at *4-5 (S.D. Fla. Oct. 17, 2011) and *Apex Glob. Partners, Inc. v. Kaye/Bassman Int'l Corp*., No. 3:09-CV-637-M, 2009 WL 2777869, at *3 (N.D. Tex. Aug. 31, 2009)).

Although it is true that merely "bringing together the parties to transactions" is not enough to warrant broker registration under the Securities Exchange Act of 1934 (the "Exchange Act"), that is not what the Plaintiffs did here with respect to the Mullen/NETE reverse merger. Not only did the Plaintiffs "bring together" or otherwise introduce the relevant parties to the reverse merger, but they also took orders for additional services, such as bridge financing and SBA loans after successfully closing the sale. *See* Dr. Ahmad Depo, p. 137: 5-130, Martinez Depo Exhibit 19; (D.E. Ex. 12 & 13). Once Dr. Ahmad introduced Martinez, Firer, and Mr. Michery, Plaintiffs were copied on all the Offering Documents between the parties (Martinez Depo, p. 77:3-20); (D.E. 45 Ex. 13).

In a similar context, Plaintiffs not only were "bringing together" or "introducing" the parties, rather to facilitate this reverse merger, Plaintiffs were actively seeking and cold-calling potential investors, which they refer to consistently as "friends." Martinez Depo, 65:1-5, Dr. Ahmad Depo, 157:1-158:1; (D.E. 45 Ex. 1, 5-12, 14, 15).

Moreover, Plaintiffs rely on the case, S*.E.C. v. M&A West, Inc*., No. C-01-3376 VRW, 2005 WL 1514101, at *9-*10 (N.D. Cal. June 20, 2005), *aff'd*, 538 F.3d 1043 (9th Cir. 2008) ("*M&AW*") to support their argument that their conduct in the Mullen-NETE reverse triangular merger was not illegal; however, the finder in that case violated anti-fraud securities laws when facilitating its reverse merger transactions and unlike that finder, Plaintiffs here did more than identify NETE as the public shell company for this reverse merger. *Id*.; *see* (D.E. 49, p. 7).

In *M&AW*, the S.E.C. targeted the entity, which operated as sham incubator for startup companies, as well as the finder who worked with M & AW and its affiliates to identify suitable public shell companies to execute such mergers. 2005 WL 1514101, at *3. Although the *M&AW* court held that he was not a broker because he was not "authorized to act on the account of others",

the court first recognized that this definition of a "broker" was "opaque," whereby it had limited interpretative guidance to distinguish such broker/dealer conduct. *Id*. at *1. Second, the Court found that because the S.E.C.'s opening arguments were riddled with legal conclusions and did not provide any case law to support its position that the finder was actually a broker, it denied the S.E.C.'s summary judgment motion on that claim. *Id*. at *10.

Unlike the defendant in *M&AW*, the Plaintiffs here did more than merely identify a suitable public shell company by at the minimum, preparing the documents for the reverse mergers and coordinating the various parties. *Id*. at 3. Instead, the Plaintiffs here had access to Mullen's data room. Mullen also authorized the Plaintiffs to solicit their investor "friends''" advice when reviewing its profit and loss statements in furtherance of the reverse merger. Dr. Ahmad Depo, p. 74:23-34, 76:6-12, 71:7-20, 82-83:7); (D.E. 45 Ex. 13).

Additionally, and unlike the Defendant in *M&AW*, Plaintiffs' conduct does not fall within the narrow finders' exception, which permits a person or entity to "'perform a narrow scope of activities without triggering the broker/dealer registration requirements.'" *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1336 (M.D. Fla. 2011) (discussing *M&AW* when describing the finder's fee exception). Although, no single factor is dispositive when determining whether conduct rises to broker activity, Courts have consistently held that "the evidence must demonstrate involvement at 'key points in the chain of distribution,' such as participating in the negotiation, analyzing the issuer's financial needs, discussing the details of the transaction, and recommending an investment." *See id*.

Additionally, unlike the finder in *M&AW*, the Plaintiffs here were "involved at key points in the chain of distribution" of the merger, when analyzing Mullen's financial needs (Dr. Ahmad Depo, p. 74:23-34, 76:6-12, 71:7-20, 82-83:7); (D.E. 45 Ex. 13), discussing their financial data

with other investor friends; and in finding financial support for Mullen to obtain SBA loans (Dr. Ahmad Depo., 137:5-139, Martinez Depo Exhibit 19); (D.E. 45 Ex. 12 & 13). And of much import, Plaintiffs agreed to receive transaction-based compensation for their efforts (Martinez Depo. Exhibit 11); (D.E. 45 Ex. 9).

Thus, any attempt Plaintiffs make to support their arguments fail to create a triable issue of fact under both Florida and S.E.C. law, and summary judgment is appropriate as a matter of law.

**B. Plaintiffs Fail to Establish an Issue of Material Fact relating to the Ambiguities of the Finders' Fee Agreement.**

In their Opposition, Plaintiffs accuse Defendants of raising a "straw man" argument that the Finders' Fee Agreement is vague and ambiguous with case *Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1251 (S.D. Fla. 2017) (*Hirsch*). The legal agreement at issue in *Hirsch* was a renewable membership agreement, whereby former golf club members sought to enforce the agreement against the club to recover membership fees. The Court in *Hirsch* looked to the multiple contracts at issue to be construed together when interpreting the multiple vague and ambiguous provisions under the membership contract. *Id*. at 1254.

Here, and unlike the legal membership agreement in *Hirsch*, the illegal finder's fee agreement was downloaded off of Google and involves a single contract, and was not mutually drafted or negotiated amongst the parties. Martinez selected the first template to populate, and typed in the relevant details to a pre-filled document from Google relating to compensation (directly taken from the Agreement he previously executed with NETE) (Martinez Dep., p. 91: 12-93: 25; Exhibit 11); (D.E. 45 Ex. 1 & 9).

The *Hirsch* court further interpreted the multiple provisions at issue in its legal membership agreement and discussed "When contractual compensation terms, [like "stock" in this

case] has several meanings, although the plain and natural meaning of the term applies, the contractual parties' intent controls the contract construction and interpretation. 232 F. Supp. 3d at 1252 (citing *Whitley v. Royal Trails Prop. Owners' Ass'n*, 910 So. 2d 381, 383 (Fla. 5th DCA 2005). When Plaintiffs drafted the purported one-sided Finders' Fee Agreement here, they did not consider the intent of the Defendants, since there was no meeting of the minds. Firer threatened that if Michery didn't sign immediately, NETE would move on to the next interested party who wanted to merge, so time was of the essence. (Michery Depo., p. 96: 1-25); (D.E. 45 Ex. 16). With this said, the golf-membership contract interpretation at issue in *Hirsch* is completely different than the Finders' Fee Agreement here.

Thus, Plaintiffs again failed to establish, with evidence or appropriate legal authority, that a genuine issue of material disputed fact exists that would prevent summary judgment in this action.

## CONCLUSION

Accordingly, this Court should enter summary judgment in Defendants' favor on the foregoing affirmative defenses, encompassed further by Defendant's declaratory relief counter claim. As demonstrated above, Plaintiffs failed to establish that there is a genuine dispute as to a material fact and, further, fatally failed to satisfy their burden of proof as to both their breach of contract and unjust enrichment claims. Plaintiffs did not, and cannot, make a prima facie case against Defendants, and the discovery window in this case is long closed. Accordingly, this Court can, and should, enter summary judgment as to the Complaint in its entirety.

Date: November 10, 2023

Respectfully submitted,

/s/ *Jedidiah Vander Klok*
Jedidiah Vander Klok, Esq.

Niva Harney-Hiller, Esq.
Gilda Flam, Esq.
KENNEDYS CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: 305-371-1111
Email:
jedidiah.vanderklok@kennedyslaw.com
Niva.Harney@kennedyslaw.com
Gilda.Flam@kennedyslaw.com
laura.melendez@kennedyslaw.com
maleny.leon-rivera@kennedyslaw.com

Susan F. Dent, Esq. (*pro hac vice*)
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
Tel: 415-323-4483
Email:
susan.dent@kennedyslaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 10, 2023, a true copy of the foregoing has been filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to:

Manuel J. Dominguez, Esq.
Cohen Milstein Sellers & Toll PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-1400
Fax: 561-515-1401
jdominguez@cohenmilstein.com
*Counsel for Plaintiffs*

Barry Taus, Esq. (pro hac vice)
Kevin Landau, Esq. (pro hac vice)
Gwendolyn Nelson
Taus, Cebulash & Landau, LLP
123 William Street, Suite 1900A
New York, NY 10038
Tel: 646-873-7654
Fax: 212-931-0703
btaus@tcllaw.com
klandau@tcllaw.com
gnelson@tcllaw.com
*Counsel for Plaintiffs*

*/s/ Jedidiah Vander Klok*
Jedidiah Vander Klok
Fla. Bar No. 84766