**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

TOA TRADING LLC and
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. and
MULLEN TECHNOLOGIES, INC.,

Defendants.

Case No. 1:22-CV-21089-KMW

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' COMBINED MOTIONS IN LIMINE AND MEMORANDUM OF LAW**

# TABLE OF CONTENTS


1. **The Court should deny Defendants' MIL requesting a bar of "any form of unauthenticated hearsay communications related to the character of David Michery on the internet."** ..... 2

2. **The Court should deny Defendants' MIL requesting a bar of "any legal conclusions or definitions of words in the Finder's Fee Agreement."** ..... 3

3. **The Court should deny Defendants' MIL requesting a bar of "improper lay opinion testimony on stock valuation or testimony from undisclosed expert witnesses."** ..... 5

4. **Plaintiffs agree to bar "references to the parties' financial resources" except in the context of the benefits received by Defendants from the NETE Merger.** ..... 6

5. **The Court should deny Defendants' MIL requesting a bar of "evidence of an alter ego relationship between Defendants, Mullen Technologies and Mullen Automotive."** ..... 7

Plaintiffs TOA Trading LLC and MunshiBari LLC (collectively "Plaintiffs") oppose the combined motions in limine ("MIL") of Defendants Mullen Automotive, Inc. ("Mullen Automotive") and Mullen Technologies, Inc. ("Mullen Technologies") (collectively "Mullen" or "Defendants") and move for an order denying the five issues raised in Defendants' memorandum of law, pursuant to this Court's Practices and Procedures for Civil Cases. Plaintiffs separately address each evidentiary issue Defendants raised in their motion using the same numbering as Defendants' brief.

1. **The Court should deny Defendants' MIL requesting a bar of "any form of unauthenticated hearsay communications related to the character of David Michery on the internet."**

The Court should deny the first issue raised in Defendants' MIL on two bases. First, their description of the evidence they seek to exclude is too broad and vague to be enforced. Defendants do not identify the particular evidence they seek to exclude or even define the scope or nature of such hypothetical evidence, leaving it for the Court and Plaintiffs to try to determine. (*See* ECF No. 61 at 4 (Defs.' Combined Mot. in Limine and Mem. of Law) ("The scope of this information is most likely contained on investment blogs and internet chatrooms and serves no purpose other than to unfairly taint a factfinder's perception of the signatory.") Courts will not preclude evidence based on such vague and broad requests. *See DeCurtis LLC v. Carnival Corp.*, No. 20-22945-CV, 2023 WL 2401733, at *6 (S.D. Fla. Feb. 13, 2023) (denying defendants' motion seeking to "broadly exclude evidence that may, depending upon the specific context, be properly introduced to impeach a witness' testimony."); *Perez v. Fla. POP, LLC*, No. 20-14214-CV, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (refusing to make "preemptive rulings that may needlessly restrict legitimate evidence and argument" that could be legitimately

introduced at trial depending on context). Defendants' motion on this issue should be denied on this basis alone.

Second, Plaintiffs informed Defendants during the meet and confer that they do not intend to offer anything in their case in chief or even to rebut Defendants' "illegality" affirmative defense with evidence that resembles what is broadly described in Defendants' motion. Indeed, there is no such document on the parties' exhibit list. (*See* ECF. No. 54 (Joint Exhibit List).) However, Plaintiffs reserve their rights to use information from any source, including social media, to impeach Mr. Michery's testimony, should the proper context arise. *See DeCurtis*, 2023 WL 2401733, at *6; *Calhoun v. Walmart Stores E., LP*, 818 F. App'x 899, 905 (11th Cir. 2020) (party could use Facebook post not otherwise in evidence to impeach a witness); *Trinidad v. Moore*, No. 2:15-CV-323-WHA, 2016 WL 5402683, at *4 (M.D. Ala. Sept. 26, 2016) (denying motion in limine to preclude social media posts on hearsay and prejudice grounds because they could be admissible for impeachment purposes only). Accordingly, Defendants' MIL with respect to issue number 1 should be denied.

**2. The Court should deny Defendants' MIL requesting a bar of "any legal conclusions or definitions of words in the Finder's Fee Agreement."**

Defendants' MIL on this evidentiary issue must be denied because it is vague and overbroad. Plaintiffs do not plan on offering "legal conclusions" about the terms of the finder's fee agreement between Plaintiffs and Mullen (the "Finder's Fee Agreement"). Rather, because there is a disagreement between the parties about the meaning of different terms in the contract (manufactured by Defendants post-contract execution for litigation purposes), Plaintiffs plan on offering testimony about their understanding of those terms. For example, Defendants contend that the Finder's Fee Agreement's reference to "stock" contemplated that the compensation

would be valued based on something other than common stock (such as preferred stock). Plaintiffs will testify, with corroborating evidence, that the deal, in fact, contemplated compensation in the form of common stock. Such testimony is clearly admissible in breach of contract cases. *See Seifert v. SF&P Advisors, Inc.*, No. 19-80877-CIV, 2021 WL 4991252, at *8 (S.D. Fla. Mar. 31, 2021) ("Because there is a disagreement concerning the parties' varying understandings about certain terms, i.e., the fee earned and the amount of compensation flowing from the Disputed Transactions, such questions are properly submitted to a jury and summary judgment is precluded."); *ConSeal Int'l Inc. v. Neogen Corp.*, 488 F. Supp. 3d 1257, 1268–69 (S.D. Fla. 2020) (citing cases) (finding that it was for jury to decide dispute between parties about their competing views about contract terms, noting "[w]here the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties' intent which cannot properly be resolved by summary judgment.").

The cases Defendants rely on are inapposite because the court in those cases precluded *expert legal opinions* about how a contract or ordinance should be interpreted. *Ramjeawan v. Bank of Am. Corp.*, 09-20963-CIV, 2010 WL 1645097, at *1 (S.D. Fla. Apr. 21, 2010) (precluding expert from offering opinion about "contract interpretation and contractual obligations" because "[e]xpert opinion testimony regarding the meaning[] of contractual provisions are irrelevant and hence inadmissible"); *White v. W.G. Parcel B. LLC*, No. 615CV867ORL22KRS, 2016 WL 8500026, at *3 (M.D. Fla. Nov. 22, 2016) (precluding expert testimony regarding how local ordinance should be interpreted). These cases are consistent with Magistrate Judge Sanchez's order precluding Defendants from offering expert opinions on purely legal issues. (ECF No. 59.)

Here, Plaintiffs seek to offer testimony of percipient witnesses about their understanding of the terms of the contract that they entered into—evidence that is clearly admissible in a breach of contract action, as noted in the case law cited above.

**3. The Court should deny Defendants' MIL requesting a bar of "improper lay opinion testimony on stock valuation or testimony from undisclosed expert witnesses."**

The Court should deny Defendants' request to bar lay opinion testimony on stock valuation or undisclosed expert testimony because the testimony Plaintiffs intend to proffer to prove damages is fact testimony, not lay opinion testimony or expert testimony.

Plaintiffs plan to offer factual testimony and evidence demonstrating that: (1) under the Finder's Fee Agreement, Plaintiffs were entitled to receive Mullen common stock on the closing of the merger between Mullen and Net Element, Inc. ("NETE"); (2) the closing occurred on November 5, 2021 (the "NETE Merger"); (3) the closing price of these shares on November 5, 2021 was $11.77; and (4) Plaintiffs would have sold their shares on that date if Defendants had paid the finder's fee on that date, as required by the Finder's Fee Agreement. This testimony will be factual testimony, not lay opinion testimony. And Plaintiffs do not intend to proffer expert testimony. Therefore, Defendants' MIL regarding issue 3 must be denied.

Defendants assume expert testimony on stock valuation is necessary because they assume that stock valuation is complex and requires technical and specialized knowledge *in every case*. (Defs.' Combined Mot. in Limine and Mem. of Law (ECF No. 61 at 5-6).) As shown in Plaintiffs' opposition to Defendants' summary judgment motion, Defendants' assumption does not apply here because the stock Plaintiffs were entitled to receive under the Finder's Fee Agreement was common stock of Mullen that was publicly traded on NASDAQ. No technical or specialized knowledge is necessary to determine that Mullen common stock traded at $11.77 per

share on November 5, 2021, the date Plaintiffs were entitled to receive their shares. It is well established that no expert testimony is needed to calculate damages where, as here, damages can be determined with simple calculations. *See XTEC, Inc. v. Cardsmart Techs., Inc.*, No. 11-22866-CIV, 2014 WL 10250973, at *5 (S.D. Fla. Dec. 2, 2014). In fact, courts have excluded expert testimony when the damages of a case were based on simple mathematics that could be calculated by a jury using common knowledge and common sense. *See, e.g.*, *Luck v. McMahon*, No. 3:20-CV-00516 (VAB), 2022 WL 5500934, at *7 (D. Conn. Feb. 11, 2022).

The cases Defendants cite in their brief (ECF No. 61 at 6-7) address the valuation of stock in private companies that, unlike Mullen's stock, are not publicly traded. *See Estate of Mitchell v. C.I.R*, 250 F.3d 696, 698-99 (9th Cir. 2001) (privately held company); *Cotton v. C.I.R.*, 165 F.2d 987, 988 (9th Cir. 1948) (none of the shares listed on any stock exchange); *Trust Servs. of Am., Inc. v. United States*, 885 F.2d 561, 568-69 (9th Cir. 1989) (discount on stock valuation because restricted stock not sold freely in the public market); *Obermer v. United States*, 238 F. Supp. 29, 29 (D. Hawaii 1964) (husband and wife-owned business); *Tuck v. United States*, 172 F. Supp. 890, 894 (N.D. Cal. 1959) (stock not listed on stock exchanges).

For these reasons, the Court should deny Defendants' MIL regarding issue 3.

**4. Plaintiffs agree to bar "references to the parties' financial resources" except in the context of the benefits received by Defendants from the NETE Merger.**

Plaintiffs do not intend to reference the wealth or poverty of Plaintiffs or to compare Defendants' financial resources to the resources of Plaintiffs. Plaintiffs reserve their rights to discuss Defendants' resources in the context of the benefits received by Defendants following the introduction made by Plaintiffs pursuant to the Finder's Fee Agreement and the financial gains

made by Defendants following the NETE Merger, as this is relevant to Plaintiffs' unjust enrichment claim.

The elements of an unjust enrichment claim are: "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*quoting Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006). Plaintiffs' introduction of Mullen to NETE allowed Defendants to merge with a public company and access capital markets. *See* (ECF No. 49 at 19 (Plts.' Mem. of Law in Opp. to Defs.' Jt. Mot. for Summ. J.).)

Defendants' MIL regarding the wealth of Defendants should be denied to the extent Plaintiffs need to demonstrate the financial benefits retained by Defendants due to Plaintiffs' efforts.

**5. The Court should deny Defendants' MIL requesting a bar of "evidence of an alter ego relationship between Defendants, Mullen Technologies and Mullen Automotive."**

Defendants seek to bar evidence of an "alter ego" relationship between Mullen Technologies and Mullen Automotive, but don't explain what this means, or specify what "alter ego" evidence they seek to exclude. (*See* ECF No. 61 at 9 (Defs.' Combined Mot. in Limine and Mem. of Law).) Defendants may be referring to Plaintiffs' allegations that Defendant Mullen Automotive is liable for the damages caused by the breach of the Finder's Fee Agreement, which was signed by David Michery, CEO of both companies, in the name of Defendant Mullen Technologies.

To the extent that Defendants are seeking to exclude evidence that Mullen Automotive is liable for the damages caused by the breach of the Finder's Fee Agreement, their MIL must be denied. Plaintiffs have alleged facts establishing Mullen Automotive's liability under three well established legal principles.

First, as part of the November 5, 2021 NETE Merger, Mullen Automotive assumed most of the liabilities of Mullen Technologies—including the obligations under the Finder's Fee Agreement. (ECF No. 1 at ¶ 16 (Complaint).) Companies that assume the liabilities of other companies are, of course, legally responsible for satisfying such liabilities. *See, e.g.*, *Chigos v. Werner Co.*, No. 8:12-CV-1350-T-AEP, 2014 WL 12596525, at *3 (M.D. Fla. Feb. 26, 2014).

Second, Plaintiffs allege that Mullen Automotive is a "mere continuation" of Mullen Technologies, because after the merger, Mullen Automotive shared the same management (including the same CEO, Mr. Michery), the same board of directors, and the same headquarters as Mullen Technologies, and shared the Mullen name. (ECF No. 1 at ¶ 17 (Complaint).) Under such facts, established case law provides that Mullen Automotive is liable for the damages caused by the breach of the Finder's Fee Agreement signed by Mr. Michery, in the name of Mullen Technologies. *See, e.g.*, *Centimark Corp. v. A to Z Coatings & Sons, Inc.*, 288 F. App'x 610, 615-16 (11th Cir. 2008) (mere continuation shown where there was overlap in officers, directors, personnel, assets and stockholders); *Murphy v. Blackjet, Inc.*, No. 13-80280-CIV-HURLEY, 2016 WL 3017224, at *4 & *7 (S.D. Fla. May 26, 2016) (finding corporation was merely a continuation or reincarnation of the predecessor corporation); *In re: All Sorts of Servs. of Am., Inc., Debtor*, 631 B.R. 63, 76 (M.D. Fl. 2021) (holding company liable for debts where it was a "mere continuation" of bankrupt company and where it was "unmistakable that there was a relay-style passing of the baton").

Third, Plaintiffs allege that Mullen Automotive is the successor in interest to Mullen Technologies because the two companies entered into a *de facto* merger. (ECF No. 1 at ¶ 14 (Complaint).) A *de facto* merger occurs when there has been a change in form, but not in substance, in the corporate identity. *Murphy*, 2016 WL 3017224, at *5. Here, Plaintiffs will show that Mullen Automotive continued to carry out the functions of Mullen Technologies, operating out of the same headquarters and using the same management team. *See id.* (finding a *de facto* merger occurred between BlackJet and BlackJet Technology because "the evidence shows a continuation of the BlackJet business operation, with continuity in management, officers and directors, personnel, physical location, web presence, and general business operations").

Defendants offer no reason to exclude evidence supporting the liability theories Plaintiffs actually allege—i.e., evidence that Mullen Automotive assumed the liabilities of, was a "mere continuation" of, and a successor of interest of, Mullen Technologies. And there is no reason for the Court to exclude such evidence. Defendants only argue that the Court should exclude evidence of an "alter ego" theory that does not exist in this case.

Therefore, Defendants' motion in limine regarding issue number 5 (which Defendants mislabeled as issue number 6) should be denied.

DATED: December 15, 2023

Respectfully submitted,

*/s/ Manuel J. Dominguez*
Manuel J. Dominguez (Fla. Bar No. 0054798)

COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
jdominguez@cohenmilstein.com

Barry Taus
PRO HAC VICE
Kevin Landau
PRO HAC VICE
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, NY 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
btaus@tcllaw.com
klandau@tcllaw.com