**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:22-cv-21089-KMW**

TOA TRADING LLC AND
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.,

Defendants.
_________________________________________/

# DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE

Defendants Mullen Automotive, Inc. ("Mullen Automotive"), and Mullen Technologies, Inc. ("Mullen Technologies") (collectively the "Defendants") respond in opposition to Plaintiffs TOA Trading LLC ("TOA") and MunshiBari LLC's ("MunshiBari") (collectively "Plaintiffs") Motions in Limine as follows:

## EXECUTIVE SUMMARY

Defendants oppose Plaintiffs' Motions in Limine ("Motions" or "MIL") primarily as they have failed to meet their burden to establish that such proffered evidence would be either irrelevant or highly prejudicial. Moreover, Plaintiffs' Motions constitute an improper vehicle to determine substantive issues, and admissibility questions should ordinarily be ruled upon as they arise at trial. Additionally, as outlined in Defendants' Motion for Summary Judgment, Defendants' affirmative defenses are viable defenses and thus evidence related to the affirmative defenses is relevant. Accordingly, each of Plaintiffs' five Motions should be denied in their entirety.

## LEGAL STANDARD

A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *See Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd*., No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). Courts exclude evidence on a motion *in limine* "*only if the evidence is clearly inadmissible for any purpose*." *Gonzalez v. Metro. Delivery Corp.*, No. 10-23296-CIV, 2012 WL 1600557, *2 (S.D. Fla. May 7, 2012). Here, Plaintiffs have failed to show that the matters it seeks to exclude are "*clearly* inadmissible for *any* purpose." *Id.*

1. **Plaintiffs Stock Valuation and Damages Calculations (MIL #1 and #2) Are Procedurally and Substantively Improper.**

As a threshold issue, MIL #1 and MIL #2 both seek to truncate Defendants' ability to present evidence on a required element of Plaintiffs' case: Damages. If Defendants are either precluded from offering any evidence about the decline in Mullen's stock price **[Pltf's MIL 1],** or that Plaintiffs would have been unable to sell their Mullen shares immediately, if they had received their finder's fee on the date of closing, [**Pltf's MIL 2**], then this Court should not permit the Plaintiffs to offer any argument related to damages because they have not offered any expert testimony to prove an amount of damages based on stock valuation.

Damages measured by the loss in value of stock requires expert testimony. *Optional Capital, Inc. v. Kyun Joon Kim*, No. CV 04-3866 ABC (PLAx), 2008 WL 11336496 at *4 (C.D. Cal. Jan. 17, 2008) ("Optional Capital") ('First, and perhaps most importantly, [the loss in value of its stock] as a measure of damages requires an expert opinion, and Plaintiff has [provided] no expert").

Here, like the Plaintiff in *Optional Capital* who failed to provide expert testimony when

alleging the loss in value of its stock as damages from fraud, Plaintiffs have not offered any expert testimony to reliably value the issued stock after the Mullen-NETE reverse triangular merger. *Id*. Without providing this required expert testimony, Plaintiffs oversimply the issue of damages. *See Gelles v. Skrotsky*, 983 F. Supp. 1398, 1404 (M.D. Fla. 1997) ("Defendants merely accepted as true *stock valuations* provided to them. [However] Defendants cannot possibly be required to be *experts* on all of the various valuation methods available to appraise plan assets.") (emphasis added). Because Plaintiffs here do not have an expert who can perform this complicated valuation, it cannot seek damages based on its stock's loss of value. *See Optional Capital*, 2008 WL 11336496 at *4.

Reviewing courts have consistently instructed that when a lower court has not explained its methodology for valuing stock, then it remanded this issue of damages back to the lower court for further clarification. *See Estate of Trompeter v. C.I.R.*, 279 F.3d 767, 769, 773 (9th Cir. 2002) ("Trompeter"). When the Tax Court did not provide expert testimony in support of its application of a 4% discount rate to ascertain the present value of estate stock, the Ninth Circuit vacated the Tax Court's decision and remanded it for further proceedings because the Tax Court did not *articulate sufficiently the basis for its ruling* on omitted assets and its rationale *with respect to the valuation of certain stock* (emphasis added). *Id*. at 769.

After private entity, Sterling Holding Co. (Sterling) acquired private entity, "Trompeter Electronics, Inc. (TEI)," the primary issue before the Tax Court in *Trompeter* was the value of these shares. TEI's proprietor, Emmanuel Trompeter, received 1,533.48 newly-issued class of Sterling preferred stock, and Sterling received 3,000 of the shares. *Id.* at 769. Because the Tax Court applied a 4% discount rate without expert testimony or analysis, the Ninth Circuit directed the Tax Court to clarify its methodology and to document the rationale for its present value

calculations. *Id*. at 773 ("Because the [discount] range is unsupported by the testimony of any experts, singularly or together, it is unclear why the Tax Court's combine discount actually falls within any particular range that might be supported in the record.").

As the Court explained its reasoning for remanding the sophisticated damages issue back to the Tax Court to value the stock of the *Trompeter* estate, this Court should not permit Plaintiffs to attempt to calculate or prove any amount of damages based on stock valuation. *Estate of Trompeter*, 279 F.3d 767 at 769. Plaintiffs have not disclosed any expert witnesses during discovery, they cannot later reserve the right to call on any witnesses at a later point in trial, since it would be prejudicial to the Defendants, who have not had the opportunity to prepare its best defense of this case. *See Thornton v. J Jargon Co*., 580 F. Supp. 2d 1261, 1287 (M.D. Fla. 2008). This includes any previously disclosed fact witnesses who they now wish to utilize as hybrid expert witnesses. *Id*. Accordingly, these Motions should be denied in their entirety.

**2. <u>Plaintiffs Improperly Seek to Preclude Evidence Relating to Affirmative Defenses and Counterclaim (MIL #3) via an Improper Procedural Vehicle.</u>**

With its MIL #3 seeking to exclude testimony and evidence relative to Defendants' entire Counterclaim and Affirmative Defenses raised in their Answer to the Complaint, Plaintiffs are essentially improperly requesting the Court to enter summary judgment on these defenses under the guise of a motion in limine.

The law is clear that a motion in limine is not a substitute for a motion for summary judgment, nor is its purpose to determine the sufficiency of evidence or the merits of an issue. *Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011) (motion in limine is not a motion "to determine the sufficiency of the evidence or merits of an issue"); *Royal Indemnity Co. v Liberty Mutual Fire Ins. Co.*, No. 07-80172-CIV, 2008

WL 2323900 at *1 (S.D. Fla. June 5, 2008) (motion in limine is not a substitute for a motion for summary judgment).

Indeed, Defendants' presented credible and probative evidence towards the issue of legality and enforcement in their Motion for Summary Judgment filed October 3, 2023, which is presently pending before the Court. However, despite having a similar opportunity to do so, Plaintiff declined to file a similar motion directed at Plaintiffs' Counterclaim and affirmative defenses, and has waived its right to do so now at the last minute through an inappropriate vehicle. Thus, this Motion should similarly be denied as procedurally and substantively invalid.

3. **Dayan Martinez's Broker/Dealer Status (MIL #4) is Directly Relevant to the Entirety of Defendants' Counterclaim and Affirmative Defenses.**

Dayan Martinez's FINRA BrokerCheck report is directly relevant Defendants' proof of the affirmative defenses of illegality and unlicensed broker/dealer activity in violation of state and federal securities laws. 15 U.S.C. §§ 77k(b)(3)(C), 77o. Courts consistently allow this type of evidence. For example, in *Software Toolworks, Inc. v. Paine Webber, Inc.*, the Ninth Circuit described two letters responding to inquiries from the SEC as "significant events" relevant to the underwriters' due diligence defense under section 11 and the reasonable care defense under the SEC rules and regulations. 50 F.3d 615, 621 & 625 (9th Cir. 1994); *see also Feit v. Leasco Data Processing Equip. Corp.*, 332 F. Supp. 544, 583 (E.D.N.Y. 1971) (underwriter entitled to rely on issuer's counsel's letter to SEC as part of due diligence defense to claim).

Defendants are entitled to introduce publicly available evidence from a nationally regulated securities industry showing Dayan Martinez's employment history in the financial sector, as well as any and all actions and resolutions taken upon his licenses by way of a Request for Judicial Notice. Fed. R. Evid., § 201. All of this is relevant to the multi-factor evaluation of whether or not

Plaintiffs were acting as broker/dealers. It is up to the jury to decide whether this and other relevant evidence proves a defense.

Moreover, any possible prejudice from the evidence of Dayan Martinez's FINRA record does not substantially outweigh the probative value of the evidence to the disputed claims and affirmative defenses. Fed. R. Evid. 403. Notably, Plaintiffs offer no authority to support their claim that anyone is likely to be misled. Any conjecture that the jury will be confused is insufficient to deprive defendants and the jury of relevant evidence. Additionally, a number of courts agree on the relevance of such documents to the affirmative defenses raised in this case. *See*, *e.g.*, *Software Toolworks, Inc*., 50 F.3d at 625; *Reserve Life Ins. Co. v. Provident Life Ins. Co.*, 499 F.2d 715, 722 (8th Cir. 1974); *Allaire Corp. v. Okumus*, 433 F.3d 248, 254 (2nd Cir. 2006). If an issue of jury confusion actually arises, any potential for prejudice can be resolved through an instruction or other appropriate mechanism.

4. **Plaintiffs Motion Relating to Undue Influence Relating to Contract Formation (MIL #5) Should Be Denied As Moot.**

As a threshold issue, during the meet and confer process, Defendants confirmed with Plaintiffs that it did not, at any point, raise this argument, nor were they planning to at trial. The relevance of the timing between Plaintiff's preparation of the contract and Defendant Mullen Technologies' execution of same relates to the validity of the contract at issue inasmuch as the June 12, 2020 Finder's Agreement lacks a meeting of the minds on, and omission of, several material terms. See Defendants' Motion for Summary Judgment [DKT. 44-47]. Defendants did not raise, as an affirmative defense, or in any other pleading, that Plaintiffs in any way coerced David Michery to sign. Thus, this Motion in Limine is wholly unnecessary and irrelevant to the Parties' position.

Moreover, to the extent Plaintiffs are arguing that the temporal aspect of contract review and execution is irrelevant, they offer no legal precedent in support of such a position. Rather, Florida contract case law routinely holds that the circumstances surrounding the formation of a contract are directly relevant in analyzing its validity and interpretation. *See generally*, *Complete Interiors, Inc. v. Behan*, 558 So. 2d 48, 52 (Fla. 5th DCA 1990). Thus, this Motion too fails to meet the burden required by Plaintiffs to establish prejudice, irrelevance, or impropriety, and should be denied on that basis in its entirety.

WHEREFORE, Defendants ask this Court to deny each of Plaintiffs' Motions in Limine.

Date: December 15, 2023

Respectfully submitted,

/s/ *Jedidiah Vander Klok*
Jedidiah Vander Klok, Esq.
Niva Harney-Hiller, Esq.
Gilda Flam, Esq.
KENNEDYS CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: 305-371-1111
Email:
jedidiah.vanderklok@kennedyslaw.com
Niva.Harney@kennedyslaw.com
Gilda.Flam@kennedyslaw.com
laura.melendez@kennedyslaw.com
maleny.leon-rivera@kennedyslaw.com

Susan F. Dent, Esq. (*pro hac vice*)
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
Tel: 415-323-4483
Email:
susan.dent@kennedyslaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 15, 2023, a true copy of the foregoing has been filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to:

Manuel J. Dominguez, Esq.
Diana L. Martin
Cohen Milstein Sellers & Toll PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-1400
Fax: 561-515-1401
jdominguez@cohenmilstein.com
dmartin@cohenmilstein.com
*Counsel for Plaintiffs*

Barry Taus, Esq. (pro hac vice)
Kevin Landau, Esq. (pro hac vice)
Gwendolyn Nelson
Taus, Cebulash & Landau, LLP
123 William Street, Suite 1900A
New York, NY 10038
Tel: 646-873-7654
Fax: 212-931-0703
btaus@tcllaw.com
klandau@tcllaw.com
gnelson@tcllaw.com
*Counsel for Plaintiffs*

*/s/ Jedidiah Vander Klok*
Jedidiah Vander Klok
Fla. Bar No. 84766