**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:22-cv-21089-KMW**

TOA TRADING LLC AND
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.,

Defendants.
_______________________________________/

**DEFENDANTS' COMBINED REPLY IN SUPPORT OF MOTIONS IN LIMINE**

Defendants Mullen Automotive, Inc. ("Mullen Automotive"), and Mullen Technologies, Inc. ("Mullen Technologies"), (collectively the "Defendants") submit the following Reply in support of their Motions in Limine filed December 1, 2023, as follows:[1]

**Reply to MIL #1**

Contrary to Plaintiffs' assertions, Defendants' Motion to exclude social media articles relating to David Michery squarely meets the threshold necessary to establish such evidence would be prejudicial and irrelevant to either Parties' claims or defenses. While on the one hand conceding that *they* have not identified any such documentation, Plaintiffs attempt to reserve their right to use such evidence for impeachment or rebuttal, suggesting they may have evidence not previously disclosed to this effect. Plaintiffs' Opposition fails to establish how the categories of evidence outlined by Defendants are relevant to the claims and defenses for trial, or why such evidence is

1 Plaintiffs state that they do not oppose Defendants' MIL #4, so this Reply does not address this argument further, except to the extent that such a concession should be viewed in support of the Court granting same.

not meant to "unfairly curry the jury's sympathy." Where a party has outlined the specific categories evidence to be excluded, it is proper for the Court to make a determination, on a motion in limine, as to whether such evidence should be preemptively excluded as unfairly garnering the sympathy of the jury. See *Moore v. GEICO Gen. Ins. Co*., 2016 WL 5719474, at *5 (M.D. Fla. Sept. 30, 2016).

Second, the premise that MIL #1 lacks specificity is untrue. Defendants' Motion provides very specific descriptions of the evidence to exclude and uniformly identified examples of several websites (Yahoo! Finance, Reddit), types of articles, documents and/or testimony at issue, while taking into consideration the infinite possibilities of documentation available on the Internet. Cf. *Glass v. Intel Corp*., 2007 WL 2265663, at *5 (D. Ariz. Aug. 6, 2007) (denying motion in limine on ground that "Defendants do not specifically state nor provide examples of the evidence Plaintiff has cited that Defendants seek to exclude as irrelevant"). Defendants' description of the testimony, documents, and categories of evidence they asks the Court to exclude is more than sufficient to permit both response by Plaintiffs and determination by the Court. See *Werner v. Upjohn Co*., 628 F.2d 848, 853 (4th Cir. 1980). Once the Court has laid down its basic principles on these categories of evidence, any dispute about whether a particular piece of evidence falls within the prohibited category may be addressed quickly and efficiently at trial.

**Reply to MIL #2**

Plaintiffs again incorrectly assert MIL #2 is vague and overbroad. In reality, Defendants correctly seek to prevent Plaintiffs from offering legal conclusions relating to the Finder's Fee Agreement at issue as such legal conclusions should have been the subject of expert testimony, which Plaintiffs are now barred from bringing forth. Indeed, the Parties have set forth their differing

interpretations of the Finder's Fee Agreement terms multiple times before the Court, including in the pending Motion for Summary Judgment. Defendants do not seek to exclude the lay person testimony relating to each parties' mindset or understanding. Rather, Defendants seek to preclude Plaintiffs from eliciting improper expert testimony on the specific legal meaning of words relating to the subject of stock type and valuation as it is extrapolated from the Finder's Fee Agreement.

Defendant's Motion actually distinguishes between a lay witness's testimony regarding his or her personal understanding of the laws of broker/dealers and stock type and valuation, versus an inadmissible legal conclusion as to how the law should be applied to this case. These are very different types of testimony. Federal Rule of Evidence 602 requires a witness to testify from personal knowledge, and Federal Rule of Evidence Rule 701 provides the limited occasion when a lay witness may provide an opinion. Defendants do not seek to limit fact witnesses from testifying as to their personal knowledge or understanding of the law to the extent it relates to an issue in this case. Such evidence is not inadmissible legal conclusion but rather testimony as to one's personal knowledge.

**Reply to MIL #3**

While Defendants have generally addressed the issue of damages and stock valuation in their Opposition to Plaintiffs' Motions in Limine, filed December 15, 2023, the argument bears repeating in brief:

If Defendants are either precluded from offering any evidence about the decline in Mullen's stock price **[Pltf's MIL 1],** or that Plaintiffs would have been unable to sell their Mullen shares immediately if they had received their finder's fee on the date of closing [**Pltf's MIL 2**], then this Court should not permit Plaintiffs to offer any argument related to damages because they have not

offered any expert testimony to prove an amount of damages based on stock valuation.

Damages measured by the loss in value of stock requires expert testimony. *Optional Capital, Inc. v. Kyun Joon Kim*, 2008 WL 11336496 at *4 (C.D. Cal. 2008) ("*Optional Capital*") ("First, and perhaps most importantly, [the loss in value of its stock as a] measure of damages requires an expert opinion, and Plaintiff has [provided] no expert").

Plaintiffs' description of calculating damages is factually, fatally incorrect and should not be permitted to be presented to a jury. It is the equivalent of telling the Jury "2 + 2 = 5" and just expecting them to believe it.

**Reply to MIL #5**

Finally, Plaintiffs inartfully attempt to skirt the issue of failure to plead "alter ego" damages theories by alleging they are merely focusing on successor liability.

Plaintiffs' Opposition does not deny that both successor liability and alter ego are equitable doctrines. Plaintiffs further do not refute issues involving the application of equitable doctrines have no right to a jury trial. *Siegel v. Warner Bros. Entm't Inc*., 581 F.Supp.2d 1067, 1076 (C.D. Cal. 2008). Instead, Plaintiffs' Opposition seeks to recast its equitable remedies into a legal claim simply because its first cause of action is stated as a claim for "breach of contract." Simply referencing successor liability buried in a Complaint does not make it at issue before the Court; rather, in order to be considered by a jury, the theory of successor liability must be specifically pled. See *Aguirre v. Guerrero*, 2014 WL 12544644 (C.D. Cal. May 19, 2014) ("Because successor liability is a distinct theory not previously asserted in this action, to allow [plaintiff] to add this theory at this late state in the proceedings would result in unfair surprise and prejudice to defendants."); *Dream Games of Arizona, Inc. v. PC Online*, 561 F.3d 983, 995 (9th Cir. 2009).

Moreover, as alter ego and successor liability are claims sounding in equity to which no right to a trial by jury existed at common law, Plaintiffs are not entitled to a jury determination on those issues. See *Siegel*, 581 F.Supp.2d at 1076 ("Accordingly, the Court finds that plaintiffs' alter ego claim is one sounding in equity to which no right to a trial by jury existed at common law"). As such, evidence relating to these issues should not be presented to the jury since they are not probative of any of Plaintiffs' legal claims.

It is undisputed that Mullen Technologies and Mullen Automotive are two separate and distinct companies. It is undisputed that Mullen Technologies, not Mullen Automotive, is the signatory to the Finder's Fee Agreement at issue. Plaintiffs cannot wish an apple into an orange, they must plead such an allegation with particularity, which they utterly failed to do.

WHEREFORE, Defendants ask this Court to grant each of its Motions in Limine.

Date: December 21, 2023

Respectfully submitted,

/s/ *Jedidiah Vander Klok*
Jedidiah Vander Klok, Esq.
Niva Harney-Hiller, Esq.
Gilda Flam, Esq.
KENNEDYS CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: 305-371-1111
Email:
jedidiah.vanderklok@kennedyslaw.com
Niva.Harney@kennedyslaw.com
Gilda.Flam@kennedyslaw.com
laura.melendez@kennedyslaw.com
maleny.leon-rivera@kennedyslaw.com

Susan F. Dent, Esq. (*pro hac vice*)
KENNEDYS CMK LLP
455 Market Street, Suite 1900

San Francisco, CA 94105
Tel: 415-323-4483
Email:
susan.dent@kennedyslaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 21, 2023, a true copy of the foregoing has been filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to:

Manuel J. Dominguez, Esq.
Diana L. Martin
Cohen Milstein Sellers & Toll PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-1400
Fax: 561-515-1401
jdominguez@cohenmilstein.com
dmartin@cohenmilstein.com
*Counsel for Plaintiffs*

Barry Taus, Esq. (pro hac vice)
Kevin Landau, Esq. (pro hac vice)
Gwendolyn Nelson
Taus, Cebulash & Landau, LLP
123 William Street, Suite 1900A
New York, NY 10038
Tel: 646-873-7654
Fax: 212-931-0703
btaus@tcllaw.com
klandau@tcllaw.com
gnelson@tcllaw.com
*Counsel for Plaintiffs*

*/s/ Jedidiah Vander Klok*
Jedidiah Vander Klok
Fla. Bar No. 84766