**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:22-CV-21089-KMW**

TOA TRADING LLC AND
MUNSHIBARI LLC,

Plaintiffs,

v.

MULLEN AUTOMOTIVE, INC. AND
MULLEN TECHNOLOGIES, INC.

Defendants.
_______________________________________/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO AMEND PROPOSED JURY INSTRUCTIONS**

The Court should grant Defendants' Motion to Amend Proposed Jury Instructions ("Motion to Amend") [ECF No. 72] because Defendants' Proposed Jury Instruction No. 26 conveys the accurate and applicable legal standard that must be applied in this case. Plaintiffs argue they were not aware of this standard and attempt to claim unfair prejudice. However, Defendants' theory of the case has been made clear throughout this litigation, and there can be no surprise or prejudice by instructing the jury on the correct legal standard. In fact, it would be error to **not** instruct the jury on Rule 144 and allow Plaintiffs a windfall judgment should they prevail on their underlying breach of contract claims.

**ARGUMENT**

**I. Rule 144 Supplies the Correct Legal Standard for the Measure of Damages Plaintiffs Allegedly Suffered.**

Defendants seek to amend Jury Instruction No. 26 to account for the mandated holding period for restricted securities pursuant to S.E.C. Rule 144. *See* 17 CFR § 230.144(d)(1)(i)

("Rule 144"); *see also* Defs.' Proposed Jury Instr. No. 26 (attached as Ex. A to Defendants' Motion). No where in Plaintiffs' Opposition do they dispute the validity or applicability of Rule 144. Indeed, they cannot—Rule 144 restricts the re-sale of restricted securities for six months and is directly applicable here, where Plaintiffs claim the right to shares that would have been issued in an unregistered private transaction not involving any public offering. *See* 17 C.F.R. § 230.144.

Plaintiffs attempt to obscure this flaw in their argument by referring to Defendants' "Rule 144 Defense." S*ee generally* Opp. While Defendants did assert an affirmative defense regarding the measure of Plaintiffs' alleged damages (Motion to Amend at 3), Defendants' Proposed Jury Instruction No. 26 also is based on the correct legal standard (Rule 144). "Whether a proposed measure of damages is proper in a particular case is a question of law for the court." *Mutual of Omaha Mortg., Inc. v. Waterstone Mortg. Corp.*, No. 8:22-CV-1660-TPB-UAM, 2024 WL 1346980, at *3 (M.D. Fla. Mar. 29, 2024); *see also 32BJ N. Pension Fund v. Nutrition Mgmt. Servs. Co.*, 935 F.3d 93, 98 (2d Cir. 2019) ("Although the amount of recoverable damages is a question of fact, the measure of damages upon which the factual computation is based is a question of law." (internal citation omitted)); *In re Am. Home Prod. Corp "Released Value" Claims Litig.*, 448 F. Supp. 276, 278 (J.P.M.L. 1978) (denying consolidation because the only common question remaining was "the legal question of what measure of damages is applicable"). As such, Defendants were not actually required to raise Rule 144 in their Answer or at any point during discovery. *See Long v. Baker*, 37 F. Supp. 3d 1243, 1251 (M.D. Fla. 2014) (holding an accurate statement of law is not an affirmative defense).

It is a fundamental and long-standing principle that the Court is obligated to instruct the jury on the **correct** law it must apply. *See Sparf v. United States*, 156 U.S. 51, 74 (1895) ("It is

the duty of the court to instruct the jury as to the law . . . ."); *United States v. Tollefson*, No. 22-CV-10378, 2023 WL 1876374, at *3 (11th Cir. Feb. 10, 2023) ("The district court therefore had the authority to provide the jury with a **correct** statement of the law . . . ." (emphasis added)); *Fid. Interior Const., Inc. v. Se. Carpenters Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, 675 F.3d 1250, 1259 (11th Cir. 2012) ("The district court has broad discretion in formulating jury instructions **as long as those instructions are a correct statement of the law**." (emphasis added)); Fed. R. Civ. P. 51 advisory committee's notes to 2003 amendment ("The court's duty to give **correct** jury instructions in a civil action is shaped by at least four factors." (emphasis added)); 11th Cir. Civil Pattern Jury Instr. 1.1, General Preliminary Instr. ("It's my job to provide you with the law you must apply . . . ."); 3.1, Introduction ("It's my duty to instruct you on the rules of law that you must use in deciding this case.").

Plaintiffs acknowledge that the application of Rule 144 would gut their alleged damages (Opp. at n.1), and it is true that application of the law would be "highly prejudicial" to them. Opp. at 2. But the more germane risk of prejudicial harm is that which would be suffered by **Defendants** if the jury is not properly instructed on the law. Failure to give a proposed jury instruction constitutes reversible error if "(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Brink v. Direct Gen. Ins. Co.*, 38 F.4th 917, 926 (11th Cir. 2022) (reversing and remanding for new trial because "[plaintiff]'s proposed jury instruction correctly stated the legal basis for his failure-to-advise theory of liability, and the district court's failure to give that instruction to the jury caused him prejudice"); *see also United States v. AseraCare Inc*, 153 F. Supp. 3d 1372, 1384–85 (N.D. Ala., 2015) (awarding new trial because "[w]hile containing correct statements of law, the instructions were incomplete"). There

can be no dispute that all three elements are met here. As such, it is this Court's duty to ensure the jury is properly instructed on the correct law it must apply, which includes Rule 144.

**II. Plaintiffs Are Not Prejudiced by Defendants' Proposed Jury Instruction No. 26.**

Plaintiffs claim they had no notice of Defendants' reliance on Rule 144 and would therefore be prejudiced by Defendants' Proposed Jury Instruction No. 26. This argument fails because Defendants were not required to give Plaintiffs notice of an applicable legal standard, and, even if they were, the record is replete with references to this issue.

Defendants are unaware of any requirement to plead or disclose all applicable legal standards to opposing parties. As explained above, Rule 144 is not an affirmative defense but a legal standard. Defendants referenced their 13th Affirmative Defense in their Motion to show that Plaintiffs have always known Defendants would be challenging the proper measure of damages. Rule 144 is the law and applies to the issues in this case. Defendants had no duty to ensure Plaintiffs were on notice, or informed, of the applicable law.

Plaintiffs' claim that they would have conducted discovery differently had they known about Rule 144 is completely belied by the numerous references to the issue of share price over time and the proper measure of damages permeating the record.

*First*, Plaintiffs' own witness, Dayan Martinez, conceded during his deposition that he was familiar with federal regulations on restricted stocks that would prevent re-sale immediately upon receipt. (*See* July 24, 2023 D. Martinez Dep. at 144 (cited excerpt attached as Ex. A).)

*Second*, despite Plaintiffs' brushoff of Defendants' Motion for Summary Judgment, Defendants clearly argued that Plaintiffs are not entitled to the damages they seek based on price per share on the date of the spinoff merger, due to S.E.C. lockup rules and regulations. (*See* ECF

No. 47 at 18.) In response, Plaintiffs even acknowledged that "Defendants may have a different view about how damages should be calculated." (ECF No. 49 at 19.)

*Third*, the parties' Joint Pretrial Stipulation included statements of disputed issues of law that clearly encompass Rule 144. Defendant proposed the following as an issue of law which remains to be determined by the Court: "If a valid contract exists, what the correct measure of damages is given the lack of material terms in the Finders' Fee Agreement." (ECF No. 54 at 8d.) And the **parties agreed** that "[w]hether damages for breach of contract should be measured as of the date of the breach or whether the non-breaching party bears the risk of fluctuations in value after the breach" was another legal issue for the Court to decide. (*Id.* at 8g.) Clearly the proper measure of damages remains disputed.

*Fourth*, Defendants' Exhibit No. 14, "Daily ticker data for MULN, November 5, 2021 through November 3, 2023 (to be supplemented through date of trial)," indicated that Defendants will present the jury evidence regarding the price of Mullen stock on the date of closing and continuing to the present. (*See* ECF No. 54-1.) This evidence is directly related to Defendants' argument that the value of Plaintiffs' alleged damages, if any, would be the share value at least six months following the date of closing, pursuant to Rule 144.

*Fifth*, Plaintiffs' own Motions in Limine Nos. 1 and 2 addressed the Mullen stock price after the merger. (*See* ECF No. 60 at 1-4.) Plaintiff's Motion in Limine No. 1 sought to preclude Defendants from introducing "evidence about the decline of Mullen's stock price after the transaction with Net Element . . . closed on November 5, 2021"—the exact evidence cited above in Defendants' Exhibit No. 14. (*Id.* at 1.) Again, Plaintiffs acknowledged Defendants' application of Rule 144 in their Motion in Limine No. 2, in which they moved to preclude Defendants "from proffering any arguments or evidence at trial purporting to establish that there were any rules or

regulations . . . that would have restricted Plaintiffs' ability to sell their Mullen shares, if Plaintiffs had received those shares at the time of the closing of the NETE Merger." (*Id*. at 4.) This argument is Rule 144 in all but name.

Yet now, Plaintiffs claim unfair surprise regarding this same legal standard that was raised during discovery, argued in summary judgment briefing, included in the parties' pretrial stipulation and exhibits, and acknowledged multiple times by Plaintiffs themselves. The Court should see this for what it is: an unfounded attempt to avoid the application of correct, yet unfavorable, law.

**III. Defendants Would Be Prejudiced if the Court Does Not Grant the Motion.**

As explained above, Plaintiffs will not be prejudiced by the introduction of a legally correct jury instruction they should have anticipated since this litigation's inception. However, Defendants will be unfairly prejudiced if the jury is instructed on the wrong measure of damages. To do so would allow Plaintiffs to recover a windfall judgment that is contradictory to prevailing law. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1273 (11th Cir. 2009) (affirming reduction of judgment to avoid windfall recovery); *Validsa, Inc. v. PDVSA Servs.*, No. 08-CV-21682, 2010 U.S. Dist. LEXIS 7545, at *33–34 (S.D. Fla. Jan. 29, 2010) ("Moreover, courts have broad powers in equity to prevent a windfall judgment."). There can be nothing more unfairly prejudicial than this.

**IV. In the Alternative, the Court Should Re-Open Discovery on these Limited Issues.**

Should this Court determine that Plaintiffs are entitled to more discovery on the prevailing legal standards and appropriate measure of damages, Defendants request discovery be re-opened,

on a limited bases, to further explore these narrow issues. This would resolve all of Plaintiffs' alleged prejudice while allowing the jury to be properly instructed on the correct legal standard.[1]

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and include Proposed Jury Instruction No. 26, attached to their Motion to Amend as Exhibit A, in the parties' Jury Instructions. In the alternative, Defendants request that the Court re-open discovery on these narrow issues.

Dated: April 17, 2024

Respectfully submitted,

**KING & SPALDING LLP**
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 4700
Miami, Florida 33131
Telephone: (305) 462-6000

By: */s/ Brian P. Miller*
Brian P. Miller, Esq.
Florida Bar No. 0980633
bmiller@kslaw.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
skavanaugh@kslaw.com
Corinne E. Nabors, Esq.
Florida Bar No. 1050017
cnabors@kslaw.com

*Counsel for Defendants*

[1] Plaintiffs' protestations, before trial has even begun, are exaggerated. Fed. R. Civ. P. 51(a)(2)(b) expressly recognizes the Court's discretion to act on an untimely request for a jury instruction, on any issue, after the close of evidence.